**Robert E. PETERSON**

v.

**Claire G. PETERSON.**

Supreme Judicial Court of Maine.

Argued May 3, 1983.
Decided Aug. 19, 1983.

Fales & Fales by Roscoe Fales (orally), Berman, Simmons, Laskoff & Goldberg by Robert A. Laskoff, Lewiston, for plaintiff.

Skelton, Taintor, Abbott & Orestis by Bryan M. Dench (orally), Michael R. Poulin, Lewiston, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER * and WATHEN, JJ.

NICHOLS, Justice.

In this action we must resolve a jurisdictional controversy between the courts of Maine and Massachusetts in a matter involving the custody of a two-year-old child.

The parents of this child, the Plaintiff, Robert E. Peterson, and the Defendant, Claire G. Peterson, were married in 1975 and divorced in 1979. In 1980, without remarrying, they resumed living together in Massachusetts, their place of residence for the last seven years. Their child, Benjamin, was born in 1981.

During the autumn of 1982 differences developed between the parents which culminated in the present appeal. On October 22, 1982, the father took Benjamin from their home in Billerica, Massachusetts, and brought him to Lewiston. Three days later, on October 25, 1982, the father filed a complaint for custody in Maine District Court, Lewiston. The very next day, October 26, 1982, the mother filed a custody petition in Massachusetts Probate and Family Court, Middlesex County.

The Massachusetts court was the first to act. On November 5, 1982, that court, after hearing, granted the mother's motion for temporary custody and ordered the father to return the child. The father appealed to the Massachusetts Court. On November 15, 1982, that court denied the appeal.

Meanwhile, on November 10, 1982, the Maine District Court entered an *ex parte* order reciting that it was assuming jurisdic-

---

* Carter, J., sat at oral argument and participated in the initial conference but resigned before this opinion was adopted.

tion in this custody matter. Two days later, on November 12, 1982, the mother filed a motion for temporary custody with the District Court, attaching the temporary custody order and findings of the Massachusetts Probate and Family Court.

After an unrecorded hearing the District Court on the morning of November 16, 1982, entered a judgment granting the father exclusive care and custody of the child. In its order, the court stated that it had jurisdiction to enter this judgment, but made no reference at all to the prior proceedings in Massachusetts.

Upon the entry of judgment, the mother immediately filed a notice of appeal in Superior Court, Androscoggin County. At 1:30 in the afternoon of this same day, the Superior Court heard the appeal on an expedited basis. After argument, the court sustained the appeal, vacated the judgment of the District Court and remanded the case to that court with directions to enforce the Massachusetts temporary custody order. The father then took a timely appeal to this Court.

In vacating the judgment of the District Court, the Superior Court ruled that under applicable federal and Maine law, the District Court was bound to enforce the custody decree of the Massachusetts Probate and Family Court and should not have exercised its jurisdiction in this matter. The father's principal argument on appeal is that this ruling was legally erroneous. We disagree with the father.

■ Two statutes govern this action, the Uniform Child Custody Jurisdiction Act (UCCJA), 19 M.R.S.A. § 801 *et seq.,* and the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A. Both the UCCJA and PKPA were enacted to prevent jurisdictional conflict and competition over child custody, and, in particular, to deter parents from abducting children for the

purpose of obtaining custody awards.[1] Both statutes attempt to "eliminate jurisdictional fishing with children as bait." *Spaulding v. Spaulding,* 460 A.2d 1360, 1363 (Me.1983) (quoting *Wheeler v. District Court,* 186 Colo. 218, 220, 526 P.2d 658, 660 (1974)).

Consistent with this end, the UCCJA and PKPA both place a number of strict limitations on a court's power to exercise jurisdiction in child custody matters. One such limitation, expressed in each statute, seeks to prevent the prosecution of concurrent, conflicting judicial proceedings in different states involving the custody of the same child.

The pertinent language in the two statutes is similar. The UCCJA provides:

> A court of this State shall not exercise its jurisdiction under this Act if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this Act, unless the proceeding is stayed by the court of the other state because this State is a more appropriate forum or for other reasons.

19 M.R.S.A. § 807(1) (1981). The PKPA, likewise, states:

> A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination.

28 U.S.C. § 1738A(g) (Supp.1983).

The narrow issue we need to decide here is what constitutes the operative event in one state which precludes another state from exercising jurisdiction in a custody matter.[2] The father in this case argues

---

1. *See Congressional Findings and Declarations of Purposes for Parental Kidnapping Prevention Act of 1980,* Pub.L. No. 96–611, § 7(c)(6), 28 U.S.C.S. § 1738A (Supp.1983); 19 M.R.S.A. § 802(1)(E) (1981); Unif. Child Cust.Juris.Act,

Commissioners' Prefatory Note, 9 U.L.A. 101 (1973). *See generally, Spaulding v. Spaulding,* 460 A.2d 1360, 1363 & n. 3 (Me.1983).

2. We need not review the Superior Court's evident conclusion that the courts of both Maine

that the filing of a custody complaint in Maine District Court should have precluded any subsequent action by the Massachusetts court. The mother, on the other hand, essentially contends that the Massachusetts Family and Probate Court's order after hearing, granting her motion for temporary custody, constituted the preclusive event, barring any subsequent action in Maine. We agree with the mother.

■ In defining when a court is prohibited from acting, both section 807(1) and section 1738A(g) speak in terms of the pendency of a custody proceeding in another court which is "exercising jurisdiction" in conformity with the respective statutes. We cannot construe that language to mean that the mere unilateral filing of a custody complaint is the determinative event. Attaching such weight to a "race to the courthouse" would effectively encourage child-snatching instead of deterring it.[3]

In addition, even without addressing the basic question of whether a court starts "exercising jurisdiction" the minute a party files a complaint, we note that a second court cannot determine from the mere fact that a complaint has been filed whether the first court is exercising jurisdiction consistently with either the UCCJA or PKPA.

That determination can only be made after the first court holds a hearing and actively assumes jurisdiction of the matter.[4]

■ Therefore, we conclude that the father's filing of a complaint in Maine District Court was without significance for purposes of precluding future action by another court under the UCCJA or PKPA. The first court to exercise jurisdiction in this matter was the Massachusetts Family and Probate Court, which on November 5, 1982, after a hearing, entered a temporary custody order. As the Superior Court correctly concluded, the District Court erred by not enforcing the decree of the Massachusetts court. See 28 U.S.C. § 1738A(a) (Supp.1983); 19 M.R.S.A. § 814 (1981).[5]

The father also contends that the record before the Superior Court was insufficient to permit reversal of the District Court and that the Superior Court erred in ruling the record adequate. We disagree.

■ Although the failure to provide an appellate court with a transcript of proceedings below frequently will preclude appellate review, see, e.g., Calthorpe v. Abrahamson, 423 A.2d 231, 234 (Me.1980); Tuttle & Lee Associates v. Deltona Realty Trust, 414 A.2d 534, 534 (Me.1980), this is

and Massachusetts properly had jurisdiction in this matter in the first instance. We only reach the question of whether the court erred in concluding that by virtue of the Massachusetts proceeding, the Maine District Court was bound not to *exercise* its jurisdiction.

3. A parent seeking custody would have every incentive to remove a child to a more favorable jurisdiction otherwise satisfying the requirements of the UCCJA and PKPA, and to quickly file a custody complaint. In the case at bar the complaint was filed only three days after the child was removed to Maine.

4. A further reason for not giving determinative effect to the filing of a complaint relates to the full faith and credit underpinnings of the PKPA. *See Congressional Findings and Declarations of Purposes for Parental Kidnapping Prevention Act of 1980,* Pub.L. No. 96–611, § 7(a)(4), 28 U.S.C. § 1738A (Supp.1983). In no sense are the principles of full faith and credit furthered by attaching significance to a "race to the courthouse.'

5. Section 1738A(a) of the PKPA and section 814 of the UCCJA each mandate enforcement of custody decrees of another state which are rendered in conformity with the jurisdictional requirements of the respective statutes. Here, the Massachusetts decree satisfied these requirements because Massachusetts was the "home state"—the state in which the child lived for the six months preceeding the custody action. 28 U.S.C. § 1738A(b)(4) & (c)(2)(A)(ii) (Supp.1983); 19 M.R.S.A. §§ 803(5) & 804(1)(A) (1981). Therefore, when the temporary custody order and findings of the Massachusetts Family and Probate Court were filed with the District Court on November 12, 1982, that court became obligated to enforce the Massachusetts decree. *See also* 19 M.R.S.A. § 816(1) (1981).

Our resolution of this issue makes it unnecessary to address the mother's arguments respecting the validity of the District Court's ex *parte* order purporting to assume jurisdiction in this matter.

not such a case. The Superior Court had before it all the docket entries from the District Court, including an attested copy of the order and findings of the Massachusetts Family and Probate Court. These materials alone reveal that the District Court erred as a matter of law in exercising jurisdiction in this matter and in failing to enforce the Massachusetts decree. The Superior Court's conclusion that the record was adequate for appellate review was not clearly erroneous; it was clearly correct.

◾ Next, the father argues that the mother waived any objections to the jurisdiction of the Maine courts by filing motions for temporary custody with the District Court and Superior Court. This contention has no merit.

◾ The father's final argument is that the Superior Court erred in hearing the appeal on the same day that the District Court entered its order. This contention is also without merit.

The UCCJA specifically provides for the expeditious resolution of cases raising jurisdictional issues under the statute:

> Upon the request of a party to a custody proceeding which raises a question of existence or exercise of jurisdiction under this Act, the case shall be given calendar priority and handled expeditiously.

19 M.R.S.A. § 825 (1981). Although the language of this section does not speak directly of expedited appeals, we think it may be so construed.

The Commissioners' Note to this section of the UCCJA states: "Judicial time spent in determining which court has or should exercise jurisdiction often prolongs the period of uncertainty and turmoil in a child's life more than is necessary." Unif. Child Cust.Juris.Act, 9 U.L.A. § 24 (1973). With Benjamin in this case caught between the conflicting custody decrees of two different states, the situation was particularly exigent. We conclude that the Superior Court did not abuse its discretion in promptly resolving this controversy.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.