**STATE of Maine**

v.

**Stetson GEIGER and Liliane Russo.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 14, 1988.
Decided March 18, 1988.

R. Christopher Almy, Dist. Atty., Gregory A. Campbell, Asst. Dist. Atty., Dover–Foxcroft, for plaintiff.

William Thomas Hyde, Skowhegan, for Stetson Geiger.

Morris Rubin, Bangor, for Liliane Russo.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

MEMORANDUM OF DECISION.

The Defendants, Stetson Geiger and Liliane Russo, appeal their conviction in a jury-waived trial in the Superior Court (Piscataquis County) for solicitation to commit arson in violation of 17–A M.R.S.A. § 153(1) (1983).[1] Both Defendants chal-

---

1.  17–A M.R.S.A. § 153(1) (1983) provides that:

    A person is guilty of solicitation if he com-

lenge the sufficiency of the evidence and, in addition, Defendant Geiger challenges the trial court's denial of his motion for a new trial based on newly discovered evidence. After a thorough review of the evidence in the light most favorable to the State, we conclude that the trier of fact rationally could have found the essential elements beyond a reasonable doubt. *State v. Barry*, 495 A.2d 825, 826 (Me. 1985). The affirmative defense of renunciation fails unless a defendant avoids the commission of the crime attempted, not only by abandoning his criminal effort, but, if mere abandonment is insufficient to accomplish such avoidance, by taking further and affirmative steps which prevent the commission thereof. 17-A M.R.S.A. § 154(2)(A) (1983). Likewise, we find no clear error in the denial of Defendant Geiger's motion for a new trial based on newly discovered evidence. *State v. Hardy*, 501 A.2d 815, 816 (Me.1985).

The entry is:

Judgment affirmed.

All concurring.

> mands or attempts to induce another person to commit ... a particular Class A or Class B crime, whether as principal or accomplice, with the intent to cause the commission of the crime, and under circumstances which the actor believes make it probable that the crime will take place.

17-A M.R.S.A. § 802(1)(B)(1) (Supp.1987) provides that a person is guilty of arson if he causes a fire on his own property with the intent to enable any person to collect insurance proceeds for the loss caused by the fire.