Darla **WAMBOLD**

v.

Matthew **WAMBOLD.**

Supreme Judicial Court of Maine.

Argued Oct. 3, 1994.

Decided Dec. 15, 1994.

Dawn M. Pelletier (orally), Bangor, for plaintiff.

William J. Smith (orally), Van Buren, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

Matthew Wambold (Matthew) appeals from a judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) affirming the judgment of the District Court (Caribou, *Gaulin, J.*) denying his motions to alter and for relief from a divorce judgment. Matthew's central claim on appeal is that (1) the Uniform Child Custody Jurisdiction Act[1] (the UCCJA) and the Parental Kidnapping Prevention Act[2] (the PKPA) deprived the District Court of jurisdiction of the child custody issues, and (2) that pursuant to M.R.Civ.P. 80(d) as it existed in 1990, his appearance, entered before the entry of judgment, entitled him to be heard on issues pertaining to the divorce. We agree and vacate the judgment of the Superior Court and remand to the Superior Court for remand to the District Court.

Matthew and Darla Wambold (Darla) lived in Washington State before and after their 1984 wedding in Maine. They have two children, both born in Washington. They separated in the early summer of 1988. Darla, according to Matthew, without notice returned to Maine with the children on February 19, 1990.

Darla served Matthew in Washington with a Maine divorce complaint and accompanying summons and child custody affidavit on March 13, 1990. Matthew responded in kind, filing a petition for dissolution in Washington on March 20, 1990.

---

1. 19 M.R.S.A. § 801 (1981).

2. 28 U.S.C.A. § 1738A (1994).

Negotiations between the parties' attorneys faltered in May, 1990. Darla's attorney in Maine, without specifying a hearing date, informed Matthew's attorney in Washington on May 16, 1990 that Darla would proceed to have her divorce complaint heard in Maine on a default basis. After entry of Matthew's default, the Maine District Court held a hearing on May 21, 1990. The next day, Matthew's Maine attorney filed an appearance, along with a motion seeking a stay or dismissal of the Maine proceedings. The court denied his motion on May 23, 1990, and signed the divorce judgment the following day.

Matthew filed a motion for relief from the judgment, claiming *inter alia* that the judgment was void for lack of subject matter jurisdiction pursuant to the UCCJA. He also filed a motion to alter the judgment based upon the same challenge, and stating more specifically that the court lacked jurisdiction because Maine could not be the "home state" of the children pursuant to the UCCJA. The District Court denied Matthew's motions on May 16, 1991. The Superior Court affirmed the judgment of the District Court on February 4, 1994.

Meanwhile, the Washington Superior Court entered a dissolution on August 13, 1990 with Darla absent. The terms of the two divorce judgments differ with respect to visitation, child support, alimony and the division of real property. On July 26, 1994, the Washington court dismissed the Washington dissolution, finding that "full faith and credit should be given to the Maine decree because it was entered first. . . ." On September 9, 1994, the Washington court denied Matthew's motion for a revision of the order dismissing the Washington dissolution action, but ordered that the effect of this latter order shall be stayed until a decision is rendered in this appeal.

### Subject matter jurisdiction

#### a. The application of the PKPA

■ We first consider whether the PKPA applies in the instant case. The question of its applicability was not raised until this appeal, and the judgment involved was an initial custody determination rather than an enforcement or modification proceeding. Contrary to Darla's contention that Matthew waived the issue of the applicability of the PKPA by not mentioning it until this appeal, Matthew's argument raises questions of subject matter jurisdiction, which may be raised at any time. M.R.Civ.P. 12(h)(3); *Jones v. York,* 444 A.2d 382, 384 (Me.1982).

■ It is true that the PKPA most specifically provides guidelines for according full faith and credit to custody decrees. *See Peterson v. Peterson,* 464 A.2d 202, 204 and n. 1 (Me.1983) (describing the purposes of the UCCJA and the PKPA). The language of the PKPA, its relationship to the UCCJA, the purposes of both statutes, and the course of the instant case make it clear, however, that ignoring the PKPA at the initial custody determination risks chaos. Both statutes provide guidelines intended to prevent jurisdictional disputes and promote interstate cooperation. The PKPA provides: "The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsection (f) of this section, any child custody determination made consistently with the provisions of this section by a court of another State." 28 U.S.C.A. § 1738A(a) (1994). We cautioned practitioners when the PKPA was enacted to consider it in conjunction with the UCCJA. *Spaulding v. Spaulding,* 460 A.2d 1360, 1363 n. 3 (Me.1983). *See also* Jon D. Levy, MAINE FAMILY LAW, § 2.4.1, n. 40; *Atkins v. Atkins,* 308 Ark. 1, 823 S.W.2d 816, 819 (Ark.1992) ("Although the PKPA only applies directly to modification proceedings, it also indirectly governs initial custody determinations.") The requirement is clear: to be accorded full faith and credit, child custody determinations must be consistent with the terms and provisions of the PKPA.

#### b. Grounds for jurisdiction pursuant to the UCCJA and the PKPA

■ The next question is whether the District Court had jurisdiction pursuant to the UCCJA and the PKPA on May 21, 1990, when it heard Darla's divorce complaint. The grounds for jurisdiction provided by the UCCJA and the PKPA are similar but not identical. In order for a court to assume

jurisdiction pursuant to the PKPA, the relevant state law requirements must be met. 28 U.S.C.A. § 1738A(c)(1). In addition, one of the five statutory conditions must be satisfied. *Id.* at § 1738A(c)(2). The first of these conditions is a home state provision almost identical to that in the UCCJA. *Compare* 28 U.S.C.A. § 1738A(c)(2)(A) *with* 19 M.R.S.A. § 804(1)(A). Home state is defined in section 1738A(b)(4) of the PKPA, in pertinent part, as "the State in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as parent, for at least six consecutive months.... Periods of temporary absence of any of such persons are counted as part of the six-month or other period...." 28 U.S.C.A. § 1738A(a)(4). The PKPA provision allows a court to assume jurisdiction if

such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child's home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State.

28 U.S.C.A. § 1738A(c)(2)(A) (1994). Darla left Washington with the children in February, 1990. She entered her divorce complaint in Maine on March 30. Matthew filed for dissolution in Washington on March 20, 1990. Pursuant to 28 U.S.C.A. § 1738A(c)(2)(A)(i) and (ii), Washington, not Maine, was the children's home state.

■ Both the PKPA and the UCCJA contain a best interest/significant connection provision that allows a court to assume jurisdiction even if it does not meet the home state test. 28 U.S.C.A. § 1738A(c)(2)(B) and 19 M.R.S.A. § 804(1)(B). The PKPA best interest provision requires a finding that no other state would have jurisdiction. The UCCJA best interest provision is more liberal, allowing the court to assume jurisdiction as long as the court determines that it is in the best interest of the child, and there is evidence available pertaining to the child's welfare.

■ While the District Court could assume jurisdiction pursuant to the UCCJA best interest provision, such an assumption would ignore the fact that a decree thus entered may be denied full faith and credit by the provisions of the PKPA. The PKPA obligates courts to grant full faith and credit only to decrees entered in accordance with the terms of the PKPA. In order for a court to exercise jurisdiction pursuant to the best interest provision of the PKPA, the court must first find that no other state would have home state status. In the instant case, the children had a home state—Washington. While Maine may have been able to assume jurisdiction according to the terms of the UCCJA, it could not issue a decree that would be honored in accordance with the terms of the PKPA, at least not without some inquiry as to the Washington proceeding. A decree so entered runs the risk of being denied full faith and credit.[3] Additionally, pursuant to the same PKPA, a Maine court might be required to give full faith and credit to an inconsistent decree from another jurisdiction.

It is unclear whether the District Court had sufficient information at the time of the hearing to question the home state status of the children or to inquire about the Washington proceeding. On the child custody affidavit, required by § 810 of the UCCJA and intended to inform the court about the children's residences, Darla left blank the column requesting the dates each child lived in each location. The record does not disclose whether the court had a copy of the letter faxed from Matthew's attorney to Darla's

**3.** *See* Helen Honigan, *Child Custody Jurisdiction; New Legislation Reflects Public Policy Against Parental Abduction,* 19 Gonzaga L.Rev. 1 (1983/84):

Although a significant jurisdiction state could, under its State UCCJA, render a custody order even though the child's home state had not declined jurisdiction, that order would not be entitled to full faith and credit under the PKPA. Now that full faith and credit is available for custody decrees, litigants have the right to expect courts to cooperate in insuring that result. The Washington Supreme Court has described a decree running the risk of nonrecognition as "alarmingly unreliable and misleading."

*Id.* at 12.

attorney providing information about the Washington petition, or whether Darla informed the court specifically that Matthew had commenced a divorce proceeding in Washington.

▇▇▇▇ Whether the court had a clear picture that something was happening in Washington, the assumption of jurisdiction was problematic. In *Peterson v. Peterson,* we held that the mere filing of an action in one court does not make that action "pending" for the purposes of 19 M.R.S.A. § 807(1) [4] or 28 U.S.C.A. 1738A(g) [5]. *Peterson v. Peterson,* 464 A.2d at 205. While an inquiry by the Maine District Court as to the Washington proceeding probably would have determined that the action in Washington was not yet "pending," the *Peterson* definition of "pending" was not meant to preclude the inquiry. Even if the mere filing of another action, and the timing of the respective filings, would not have precluded the District Court from exercising jurisdiction, the information should have prompted an inquiry pursuant to § 807(2). *Hepner v. Hepner,* 469 N.E.2d 780, 784 (Ind.App. 3 Dist.1984) ("Under the UCCJ[A], when a court becomes aware that a custody dispute has an interstate dimension ... that court has an affirmative duty to question its jurisdiction."); *Renno v. Evans,* 580 So.2d 945, 947 (La.App. 2 Cir.1991) ("It is the duty of a court to examine subject matter jurisdiction *sua sponte,* even when the issue is not raised by the litigants.").

▇▇▇▇ Darla's contention that the District Court did not have this information is of no avail. She is under a continuing duty to provide such information. 19 M.R.S.A. § 810(3) ("Each party has a continuing duty

to inform the court of any custody proceeding concerning the child in this or any other state of which he obtained information during this proceeding."). Darla may be correct that, technically, she was not required to list the dates the children lived in each location. The omission, however, may have contributed to a misleading picture, as the child custody affidavit provided no information as to the length of time the children had lived in Maine. This information, had it been provided, may have prompted the court to question its jurisdiction.

▇▇▇▇ It is entirely possible that full compliance and investigation would have brought all parties to the same conclusion—that Maine is the more appropriate forum for this action. This may have happened in compliance with all three statutes if, for example, Washington had declined jurisdiction. 19 M.R.S.A. § 804(1)(D), 28 U.S.C.A. § 1738A(c)(2)(D) and Wash.Rev.Code 26.27.030 (1994). The problem in the instant case is that the parties bypassed almost every relevant protective procedure available, and did not allow the District Court to make such a determination on an informed basis. As a result, the judgment of the District Court was not entered consistent with the provisions of the PKPA and is not guaranteed full faith and credit. Consequently, we vacate that portion of the judgment.

*c. Exercise of jurisdiction*

Because the District Court did not proceed in accord with the terms of the PKPA, we need not reach the question whether the District Court was required to stay the proceeding, pursuant to 19 M.R.S.A. § 807(3),[6]

4. The subsection provides:
   A court of this State shall not exercise its jurisdiction under this Act if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this Act, unless the proceeding is stayed by the court of the other state because this State is a more appropriate forum or for other reasons.
   19 M.R.S.A. § 807(1) (1981).

5. The subsection provides:
   A court of a State shall not exercise jurisdiction in any proceeding for a custody determi-

   nation commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination. 28 U.S.C.A. § 1738A(g) (1994).

6. This subsection provides:
   **3. Resolution of multiple proceedings.** If the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction, it shall stay the proceeding and communicate

once Matthew entered his appearance and the District Court learned of the Washington proceeding. Section 807(3) clearly requires a stay upon the court's learning of a pending proceeding in another state. Our finding that the court improperly proceeded, however, renders the issue superfluous in the instant case.

### *Opportunity to challenge the judgment*

■ Matthew further challenges the judgment on the ground that having entered his appearance prior to judgment he was entitled to be heard. In 1990, M.R.Civ.P. 80(d) read in pertinent part: "Even though the defendant does not file an answer, the defendant may, upon entering a written appearance, before judgment, be heard on issues of custody of children, alimony, support, and counsel fees and division of marital property." *Maine Rules of Court: State and Federal 1990.* The day after the hearing, Matthew filed an appearance and a motion to stay or dismiss the proceedings. The trial court denied the motion and entered the judgment the following day.

The Advisory Committee's Notes discussing the 1992 amendment to Rule 80(d) (moving the relevant language to section (f) and providing that the defendant must enter an appearance before the commencement of the trial) advise that Matthew was entitled to be heard. The Advisory Notes read:

> Rule 80(f) carries forward former Rule 80(d) with language clarifying the procedure in the case of a defendant who does not answer but appears. The intent of the rule is to require a defendant to enter an appearance prior to the commencement of trial if the defendant wishes to participate in the proceeding or to object at hearing. Former Rule 80(d) granted a right to "be heard" before "judgment," which permitted parties failing to answer in accordance with the summons to oppose the judgment after trial but during the appeal period.

Advisory Committee's Notes to Amendments Effective February 15, 1992. Me.Rep. 602–617 at XCVI (1992–1993). Both the Notes and the plain language of the 1990 version of the Rule itself teach that Matthew needed only to enter an appearance. He was not compelled to detail those issues on which he wished to be heard. The divorce judgment must be vacated.

The entry is:

Judgment vacated. Remanded to the Superior Court for remand to the District Court for a consideration of its jurisdiction pursuant to the UCCJA and the PKPA and for rehearing of the divorce complaint.

All concurring.

---

with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum and that information be exchanged in accordance with sections 820 through 823. If a court of this State has made a custody decree before being informed of a pending proceeding in a court of another state, it shall immediately inform that court of the fact. If the court is informed that a proceeding was commenced in another state after it assumed jurisdiction, it shall likewise inform the court to the end that the issues may be litigated in the more appropriate forum. 19 M.R.S.A. § 807(3) (1981).