2000 ME 193

**STATE of Maine**

v.

**Norma SHELDON.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 6, 2000.

Decided Nov. 2, 2000.

Geoffrey A. Rushlau, District Attorney, Belfast, for State.

Sandra Hylander Collier, Esq., Catherine L. Haynes, Esq., Ellsworth, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and CALKINS, JJ.

CALKINS, J.

[¶ 1] Norma Sheldon appeals from a judgment entered in the Superior Court (Waldo County, *Mead, C.J.*) denying her motion for a new trial and denying, in part, her motion for a reduction of her sentence. Sheldon argues that newly-discovered evidence warrants a new trial and that her sentence should be reduced because of her medical problems and because of accounting errors in the calculation of restitution. We affirm the denial of the new trial motion, and we dismiss the appeal from the disposition of the sentence reduction motion.

## I. PROCEDURAL BACKGROUND

[¶ 2] Sheldon was indicted by the grand jury for theft, a violation of 17–A M.R.S.A. § 353 (1983). Specifically, she was charged with exercising unauthorized control over currency belonging to the Town of Northport. The offense is Class B because the amount exceeded $10,000. *See* 17–A M.R.S.A. § 362(2) (Supp.1999). On September 23, 1998, Sheldon's three-day jury trial concluded with a guilty verdict. A sentencing hearing was held on November 9, 1998, and Sheldon was sentenced to two years incarceration with all but nine months suspended (*Brodrick, A.R.J.*). She was sentenced to pay a fine of $5000 and to pay restitution to the Town of North-

port in the amount of $19,735. Her sentence was stayed pending appeal.

[¶ 3] Sheldon appealed her sentence, *see* 15 M.R.S.A. § 2151 (Supp.1999), but her sentence appeal was denied by the Sentence Review Panel on October 12, 1999. *See* 15 M.R.S.A. § 2152 (Supp.1999). Sheldon's conviction was affirmed. *State v. Sheldon,* Mem. Dec. 99–146 (November 23, 1999). Sheldon then moved to stay the execution of her sentence because of her medical problems, and the Superior Court granted her motion and subsequently granted additional stays. In the meantime, Sheldon made several post-judgment motions including the motion for reduction of sentence. After her conviction was affirmed, Sheldon filed a motion for a new trial on the ground of newly discovered evidence, and a consolidated hearing was held on the new trial motion and the sentence reduction motion. At the time the court addressed Sheldon's motion to reduce her sentence, she had not commenced the execution of her sentence. Her motion for reduction was granted in part. The court vacated the fine, but the sentence of incarceration and restitution remained as initially imposed.[1] The new trial motion was denied.

## II. MOTION FOR NEW TRIAL

[¶ 4] Sheldon worked as the tax collector, treasurer, and clerk for the Town of Northport for approximately nine years. Her responsibilities included collecting automobile excise tax payments. She collected payments using a four-part form. The top white copy was the original, and she sent it to the Department of Motor Vehicles. She gave the yellow copy to the taxpayer, and she kept the pink and green copies for Town purposes. She filed the pink copies alphabetically, and she used the green copies to deposit the collected

taxes by bundling them with their corresponding deposit slips and adding machine tapes. Each year an auditor would match pink copies to green copies to verify that all collected tax money could be traced to a corresponding deposit.

[¶ 5] The State claimed that, during the 1995–96 fiscal year, Sheldon stole motor vehicle excise tax payments. At Sheldon's trial, the accountants who conducted the 1995–96 fiscal year audit testified that they found eighty-five pink copies without corresponding green deposit copies. Prior to the trial, Sheldon and her attorney were able to review the Town's excise tax records, but were unable to find the eighty-five pink copies which did not have corresponding green copies.

[¶ 6] After trial, Sheldon and her attorney again reviewed the Town's tax records. At that time, they found only eleven of the eighty-five pink copies. Sheldon moved, pursuant to M.R.Crim. P. 33, for a new trial arguing that her post-trial discovery, that the State does not have most of the eighty-five pink copies upon which it relied at trial, entitles her to a new trial. Sheldon also claims that her post-trial review of the records reveals that the accountants made errors in the audit. She contends that some of the taxes, claimed by the State to have been stolen, had not been paid during the fiscal year at issue and, thus, should not have been included in the calculation of stolen taxes.

[¶ 7] In *State v. Dechaine,* 630 A.2d 234, 236 (Me.1993), we reiterated the five elements that a defendant must demonstrate by convincing evidence to establish entitlement to a new trial on the ground of newly discovered evidence:

(1) the evidence is such as will probably change the result if a new trial is granted;

(2) it has been discovered since the trial;

---

1. The sentencing judge retired before Sheldon brought her motion to reduce her sentence. M.R.Crim. P. 25 authorizes the Chief Justice of the Superior Court to assign another justice to duties of justices who become unavailable. Pursuant to this authority, the Chief Justice (*Mead, C.J.*) ordered that any available justice could preside over the motion to reduce sentence.

(3) it could not have been discovered before the trial by the exercise of due diligence;

(4) it is material to the issue; and

(5) it is not merely cumulative or impeaching, unless it is clear that such impeachment would have resulted in a different verdict.

*Id.* (citations omitted). The standard of review for the denial of a motion for new trial on the ground of newly discovered evidence is twofold: clear error and abuse of discretion. When reviewing the factual findings made by the court, the clear error standard is used. *See State v. Hardy,* 501 A.2d 815, 816 (Me.1985); *State v. Sawyer,* 314 A.2d 830, 834 (Me.1974). "The ultimate decision on the motion," however, is "left to the sound legal discretion of the Justice below." *State v. O'Clair,* 292 A.2d 186, 197 (Me.1972). Thus, those factual findings required to decide the motion, including such findings as to whether the evidence was discovered after trial and whether it could have been discovered before trial with due diligence, will stand unless clearly erroneous. The ultimate decision on the motion, that is, the decision on those factors that involve mixed fact and law questions and the application of the facts to the five elements listed above, is reviewed for an abuse of discretion.

■ [¶ 8] The trial court did not specify the basis upon which it denied the motion for new trial. The evidence presented at the motion hearing discloses that Sheldon failed to demonstrate that the new evidence could not have been discovered before the trial by the exercise of due diligence. Sheldon does not maintain that she was prohibited from reviewing the Town records before trial or that such records were not made available to her. She claims that it was difficult to gain adequate access to the Town's tax records before trial, and she demonstrated at the hearing on her new trial motion that she made several pretrial requests to examine the records. Furthermore, when she and her attorney eventually were able to review them, the records were in complete disarray. Nonetheless, the records were available to her, and she and her attorney, in fact, spent a day and a half before the trial reviewing them. Sheldon knew that some pink copies were missing because she continued to search for them until her case went to trial. Because she had access to the tax records, she also had an opportunity to discover any accounting errors prior to trial. Sheldon does not explain why her pretrial review of the records did not allow her to conclude that the accountants had reached erroneous conclusions as to certain missing taxes. The fact that pink copies were missing and that accounting errors were made could have been discovered by her prior to trial. The trial court did not err or abuse its discretion in determining that Sheldon failed to establish by convincing evidence that she met the necessary requirements for obtaining a new trial.

## III. MOTION FOR REDUCTION OF SENTENCE

■ [¶ 9] In her motion to reduce her sentence, Sheldon states that her physical condition deteriorated significantly after her sentencing in November 1998. She suffered work-related injuries, requiring surgery on both shoulders. She experiences pain, has limited use of both arms, and attends physical therapy. She argues that she is imprisoned in her home because of her physical condition. She also contends that the restitution should be reduced because her physical condition limits her ability to earn income and because the accountants erroneously calculated the amount of stolen taxes.

[¶ 10] Sheldon expressly brought her motion pursuant to M.R.Crim. P. 35(b) which provides for a motion to reduce a sentence before execution of the sentence has begun.[2] There is no provision in the

---

2. M.R.Crim. P. 35(b) provides:

    **Reduction of Sentence Before Commencement of Execution.** The justice or judge who imposed sentence may reduce a sentence prior to the commencement of execution thereof.

Maine Rules of Criminal Procedure for an appeal from the denial of a Rule 35(b) motion. Rule 35(f) provides for a discretionary appeal from denials of Rule 35(a) and (c) motions only. *See also* M.R.Crim. P. 37C. Rule 35(a) allows a motion to correct a sentence, and Rule 35(c) provides for a motion to reduce a sentence after commencement of execution.

[¶ 11] A defendant who is sentenced to a period of incarceration longer than one year may seek review of the sentence, but that review is discretionary. *See* M.R.Crim. P. 40; 15 M.R.S.A. §§ 2151, 2152. Sheldon, in fact, sought review of her sentence, but her sentence appeal was denied. Given the fact that Sheldon was not entitled to an appeal of right from her sentence when it was imposed and would not be entitled to an appeal of right from a denial of a motion to correct a sentence or a motion to reduce the sentence once exe-cution commenced, it is neither rational nor logical to permit her an appeal of right from the denial of a motion to reduce a sentence before execution of the sentence. The omission in the criminal rules of any reference to an appeal from denials of Rule 35(b) motions is intentional. There is no right of appeal from the denial of a motion brought pursuant to Rule 35(b).

The entry is:

Appeal from order denying new trial affirmed. Appeal from disposition of motion to reduce sentence dismissed.