## 2004 ME 151

### In re WALTER R.

Supreme Judicial Court of Maine.

Dec. 15, 2004.

Brian H. Mahany, Augusta, for appellant.

G. Steven Rowe, Attorney General, Margaret Semple, Asst. Atty. Gen., Augusta, for appellee.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

PER CURIAM.

[¶ 1] Walter R. appeals from the judgment of the District Court (Augusta, *Anderson, J.*) authorizing his involuntary hospitalization for up to four months. Walter challenges the sufficiency of the evidence supporting his involuntary hospitalization by clear and convincing evidence pursuant to 34–B M.R.S.A. § 3864 (1988 & Pamph. 2004). We conclude that we are without jurisdiction to consider the matter, and therefore dismiss Walter's appeal.

[¶ 2] On January 30, 2004, the Augusta Mental Health Institute filed an application in the District Court (Augusta) for an order authorizing the involuntary hospitalization of Walter. Following a testimonial hearing, the court authorized the involuntary hospitalization of Walter for a period of up to four months. Walter appeals the order directly to us.

[¶ 3] Although neither party has raised the issue of our jurisdiction to consider appeals of involuntary hospitalization orders issued in the District Court pursuant to 34–B M.R.S.A. § 3864, the issue of jurisdiction may be raised sua sponte at any time. *Wambold v. Wambold*, 651 A.2d 330, 334 (Me.1994). Moreover, we have long held that parties may not confer jurisdiction by consent. *Sevigny v. Home Builders Ass'n of Me.*, 429 A.2d 197, 200 (Me.1981); *Green v. State*, 245 A.2d 147, 150 (Me.1968).

[¶ 4] Walter's commitment order was issued pursuant to 34–B M.R.S.A. § 3864(7) (Pamph. 2004), which provides, in pertinent part: "Upon making the findings described in subsection 6, the court may order commitment to a hospital for a period not to exceed 4 months in the first instance and not to exceed one year after the first and all subsequent hearings." The jurisdiction regarding appeals of involuntary commitment orders is stated in section 3864(11):

> **11. Appeals.** A person ordered by the District Court to be committed to a hospital may appeal from that order *to the Superior Court.*
>
> A. The appeal is on questions of law only.
>
> B. Any findings of fact of the District Court may not be set aside unless clearly erroneous.
>
> C. The order of the District Court shall remain in effect pending the appeal.
>
> D. The District Court Civil Rules and the Maine Rules of Civil Procedure apply to the conduct of the appeals, except as otherwise specified in this subsection.

34–B M.R.S.A. § 3864(11) (1988) (emphasis added). The plain language of section 3864 provides that appeals of involuntary commitment orders may be taken only to the Superior Court, not to the Law Court.

[¶ 5] In two recent matters appealed directly to us following action pursuant to the same statute at issue here, we did not address the jurisdictional issue, which was not raised. *See In re Walter R.*, 2004 ME 77, 850 A.2d 346; *In re Kevin C.*, 2004 ME 76, 850 A.2d 341. Accordingly, Walter did not act unreasonably in expecting the court to take jurisdiction in his appeal. We now conclude that we are without jurisdiction to entertain direct appeals of involuntary commitment orders. Because of the potential for confusion regarding the appropriate tribunal for appeal, we remand to the Superior Court with instruction to consider the appeal as if it had been timely filed in the appropriate court.

The entry is:

Appeal dismissed and remanded to the Superior Court for further proceedings consistent with this opinion.