2007 ME 144

**John MILLER**

v.

**CPM CONSTRUCTORS et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 27, 2007.

Decided: Nov. 27, 2007.

Glen H. Robinson, Worker Advocate, Workers' Compensation Board, Portland, ME, for the employee.

Michael J. Dostie, Tucker & Dostie, Bangor, ME, for the employer.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

PER CURIAM.

[¶ 1] John Miller petitions for appellate review, pursuant to M.R.App. P. 23, of a decision of a Workers' Compensation Board Hearing Officer (*Sprague, HO*) to reopen evidence pursuant to 39–A M.R.S. § 319 (2006), and, after reopening evidence, ordering Miller to repay benefits previously determined to have been received as a result of misrepresentation in a proceeding pursuant to 39–A M.R.S. § 360 (2006). Miller asserts that the Workers' Compensation Board lacked authority to reopen the evidence in this case and that it erred in determining that he had the ability to repay the benefits wrongfully received. Because an appeal of a decision imposing a penalty or a repayment obligation pursuant to 39–A M.R.S. § 360 is properly presented to the Superior Court, we lack jurisdiction to consider this petition for appellate review and, consequently, the petition must be dismissed.

## I. CASE HISTORY

[¶ 2] John Miller's employer, CPM Constructors, and CPM's insurer, Maine Employer's Mutual Insurance Company, filed a petition with the Workers' Compensation Board pursuant to 39–A M.R.S. § 360, seeking a determination that Miller had misrepresented his condition in proceedings before the Board and seeking imposition of a civil penalty and repayment of benefits. After hearing, the hearing officer determined that Miller had misrepresented his condition and imposed a civil penalty of $1000. However, the hearing officer determined that Miller did not have the capacity to repay the benefits wrongfully received and, therefore, did not order repayment of the benefits.

[¶ 3] Pursuant to 39–A M.R.S. § 319, CPM and the insurer petitioned to reopen the record to consider evidence of Miller's

increased earning capacity which, they alleged, would permit an order to repay the benefits. Title 39–A M.R.S. § 319 authorizes reopening a decree as follows:

> Upon the petition of either party, the board may reopen and review any compensation payment scheme, award or decree on the grounds of newly discovered evidence that by due diligence could not have been discovered prior to the time the payment scheme was initiated or prior to the hearing on which the award or decree was based. The petition must be filed within 30 days of the payment scheme, award or decree.

[¶ 4] The hearing officer reopened the proceeding and, after hearing additional evidence, determined that Miller had the ability to repay benefits. Accordingly, the hearing officer set a schedule for repayment of benefits that the hearing officer determined had been wrongfully received. Miller then filed a petition to reopen the record, which the hearing officer denied.

[¶ 5] Pursuant to M.R.App. P. 23, Miller has petitioned this Court for appellate review of the hearing officer's reconsidered decision ordering him to repay benefits. Miller separately filed an appeal to the Superior Court from the hearing officer's decision. The Superior Court action has been stayed pending our decision on Miller's petition. *Miller v. State of Maine Workers' Compensation Board*, AP–06–78 (Me.Super.Ct., Ken.Cty., Jan. 8, 2007) (Studstrup, J.).

## II. LEGAL ANALYSIS

[¶ 6] Title 39–A M.R.S. § 360 provides, in relevant part:

> **2. General authority.** The board may assess, after hearing, a civil penalty in an amount not to exceed $1,000 for an individual and $10,000 for a corporation, partnership or other legal entity for any willful violation of this Act, fraud or intentional misrepresentation. The board may also require that person to repay any compensation received through a violation of this Act, fraud or intentional misrepresentation or to pay any compensation withheld through a violation of this Act, fraud or misrepresentation, with interest at the rate of 10% per year.

> **3. Appeal.** Imposition of a penalty under this section is deemed to be final agency action subject to appeal to the Superior Court, as provided in Title 5, chapter 375, subchapter VII. Notwithstanding Title 5, section 11004, execution of a penalty assessed under this section is stayed during the pendency of any appeal under this subsection. The Attorney General shall represent the board in any appeal under this subsection or the board may retain private counsel for that purpose.

[¶ 7] Although neither party has raised the issue, we must first determine whether we have jurisdiction to consider this petition for appellate review of an order that an employee repay benefits after a determination, pursuant to 39–A M.R.S. § 360, that the employee intentionally misrepresented his condition before the Board and obtained benefits thereby. Our capacity to consider an appeal cannot be conferred by consent, agreement, waiver, or by failing to raise a jurisdictional argument. *See In re Walter R.*, 2004 ME 151, ¶ 3, 863 A.2d 276, 277; *Sevigny v. Home Builders Ass'n of Me., Inc.*, 429 A.2d 197, 200 (Me.1981).

[¶ 8] The appeal before us is brought pursuant to a reconsidered decision entered pursuant to 39–A M.R.S. § 360. Subsection (3) of section 360 specifies that appeals from imposition of penalties pursuant to section 360 are filed with the Supe-

rior Court, pursuant to the available Superior Court administrative review statutory authority, 5 M.R.S. §§ 11001–11008 (2006), and M.R. Civ. P. 80C. As the Superior Court was the proper forum for consideration of this appeal, the petition for appellate review must be dismissed.

The entry is:

Petition dismissed.