2010 ME 95

**STATE of Maine**

v.

**Sean Michael ADJUTANT.**

Supreme Judicial Court of Maine.

Argued: Sept. 16, 2010.

Decided: Oct. 7, 2010.

Peter J. Cyr, Esq. (orally), Law Offices of Peter J. Cyr, Portland, ME, for Sean Adjutant.

Mark W. Lawrence, District Attorney (orally), Alfred, ME, for the State of Maine.

---

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

LEVY, J.

[¶1] Sean Michael Adjutant appeals from a judgment entered in the District Court (Biddeford, *Foster, J.*) denying his motion, made pursuant to M.R.Crim. P. 35, to correct or reduce his sentence related to a conviction for operating after suspension (Class E), 29–A M.R.S. 2412–A(1–A)(A) (2009). Adjutant contends that (1) at the time he pleaded guilty to the offense, he did not voluntarily, knowingly, and intelligently waive his right to counsel and right to a jury trial, and (2) title 4 M.R.S. 164–A (2009), which provides that "[a] person tendering payment of a fine [for a criminal traffic offense] without filing a signed waiver is deemed to have read and waived that person's rights," is unconstitutional as applied to him. Because Rule 35(f) confers exclusive appellate jurisdiction of this case in the Superior Court, we dismiss the appeal without reaching its merits.

## I. BACKGROUND

[¶2] Most of the facts are not disputed. In 2008, Adjutant was summonsed and later charged by complaint for operating while his license was suspended or revoked. Before his scheduled arraignment, Adjutant went to court and signed a "Notice of Fine and Plea/Answer" form, which stated:

> You are charged with the offense of operating while license suspended and a fine and surcharges totalling [*sic*] $310.00 has been set....

> If you do not wish to appear in Court, you may sign the PLEA/ANSWER below and return this Notice of Fine and Plea/Answer *with payment* to:

\* \* \* \* \* \*

### PLEA/ANSWER

> I plead guilty/admit to the above offense and enclose the fine set forth above.
> Date: 11/14/08    [Adjutant's signature]
>                 Signature of defendant

Adjutant paid the fine in full that day. He asserts that he was without counsel that day and that he was not informed of his right to counsel or right to a jury trial.

[¶3] Almost one year later, Adjutant, through counsel, moved to correct or reduce his sentence pursuant to M.R.Crim. P. 35.[1] The court denied his motion with-

---

1. M.R.Crim. P. 35 provides in relevant part:

(a) **Correction of Sentence.** On motion of the defendant or the attorney for the state, or on the court's own motion, made within one year after a sentence is imposed, the justice or judge who imposed sentence may correct an illegal sentence or a sentence imposed in an illegal manner.

(b) **Reduction of Sentence Before Commencement of Execution.** The justice or judge who imposed sentence may reduce a sentence prior to the commencement of execution thereof.

(c) **Reduction of Sentence After Commencement of Execution.**

(1) *Timing of Motion.* On motion of the defendant or the attorney for the state, or on the court's own motion, made within one year after a sentence is imposed and before the execution of the sentence is completed, the justice or judge who imposed sentence may reduce that incompleted sentence.

(2) *Ground of Motion.* The ground of the motion shall be that the original sentence was influenced by a mistake of fact which existed at the time of sentencing.

. . . .

(f) **Appeal by Defendant.** A defendant may appeal from an adverse ruling of the District Court made under subdivision (a) or (c) to the Superior Court as provided under Rules 36, 36A and 36D. The determination by the Superior Court is final and no further relief is available. A defendant may appeal from an adverse ruling of the Superior Court made under subdivision (a) or (c)

out a hearing. Adjutant filed a notice of appeal in the District Court without specifically designating the appellate court. Although we dismissed this appeal as untimely, we later granted Adjutant's unopposed motion to reinstate the appeal.

## II. DISCUSSION

 [¶ 4] Maine Rule of Criminal Procedure 35(f) expressly provides that "[a] defendant may appeal from an adverse ruling of the District Court made under subdivision (a) or (c) to the Superior Court...." Similarly, 15 M.R.S. § 1(2)(E) (2009) recognizes that "[t]he Superior Court has jurisdiction to hear appeals and petitions from ... the District Court ... pursuant to ... Maine Rules of Criminal Procedure, Rule 35(f)." Additionally, "[t]here is no right of appeal from the denial of a motion brought pursuant to Rule 35(b)."[2] *State v. Sheldon,* 2000 ME 193, ¶ 11, 760 A.2d 1083, 1086.

[¶ 5] Here, Adjutant's Rule 35 motion was made in the District Court. Because Rule 35(f) expressly requires Adjutant to take his appeal to the Superior Court and "[o]ur capacity to consider an appeal cannot be conferred by consent, agreement, waiver, or by failing to raise a jurisdictional argument," *Miller v. CPM Constructors,* 2007 ME 144, ¶ 7, 935 A.2d 668, 669, we lack jurisdiction to consider Adjutant's appeal. Nevertheless, Adjutant's notice of appeal, filed in the District Court without a designation of the appellate court, remains sufficient to maintain

his appeal to the Superior Court. *See Green Tree Fin. Corp. v. Patten,* 2000 ME 42, ¶ 14, 746 A.2d 373, 376.

The entry is:

Appeal dismissed. Remanded to the District Court with instructions to transmit the record on appeal to the Superior Court.

---

to the Law Court as provided by the Maine Rules of Appellate Procedure.

2. Although we construed an earlier version of M.R.Crim. P. 35 in *State v. Sheldon,* the 2001 amendment to Rule 35(f) did not affect the holding in *Sheldon* as it applies to this case. *See* 2000 ME 193, ¶¶ 10–11, 760 A.2d 1083, 1085–86; M.R.Crim. P. 35 Advisory Committee's Note to 2001 amend. M.R.Crim. P. 37C,

cited in *Sheldon,* has since been replaced by M.R.App. P. 19, which provides for discretionary appeals by a defendant to the Law Court from a Rule 35(a) or (c) ruling in the Superior Court, but not in the District Court. *See* 2000 ME 193, ¶ 10, 760 A.2d at 1086; M.R.Crim. P. 37C, Me. Rptr. 762–769 A.2d LVIII; M.R.App. P. 19(a).