ENTERED OCT 0 1 2014

STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
Cumberland. ss. Clerk's Office

SEP 3 0 2014

RECEIVED

GREEN TREE SERVICING LLC,
          Plaintiff

SUPERIOR COURT
Docket No. RE-14-0108

*CUM-RAC-09-30-14*

**ORDER ON MOTION FOR ENLARGEMENT
OF TIME AND DIRECTING THE PLAINTIFF
TO JOIN THE REAL PARTY-IN-INTEREST
PURSUANT TO M.R. CIV. P. 17(a)**

MARK T. GOLDEN
AND
CYNTHIA N. GOLDEN
AKA CYNTHIA GOLDEN,
          Defendants

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC,
AS NOMINEE FOR
BARTON MORTGAGE
CORPORATION,
          Party-in-interest

Before the Court is a motion by the Plaintiff to enlarge the time in which it must serve Mortgage Electronic Registration Systems, Inc. (MERS) as a party-in-interest.[1] *See* M.R. Civ. P. 3, 6(b). Because the Plaintiff has provided good cause and filed the motion prior to the expiration of the ninety-day deadline contained in M.R. Civ. P. 3, the Plaintiff's motion is GRANTED. *See* M.R. Civ. P. 6(b).

However, a review of the Plaintiff's amended complaint and the documents filed with it suggest that the Plaintiff is not the real party-in-interest and lacks standing to seek foreclosure of the Defendant's mortgage pursuant to *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶¶ 12-17, --- A.3d ---. The documents demonstrate that the Defendant originally executed the mortgage in favor of GMAC Bank with MERS as nominee on April 23, 2003. Then, on October 5, 2010,

---

[1] The Court questions whether MERS, as nominee for Bartlett Mortgage, is the appropriate party-in-interest to join in light of the *Greenleaf* decision. 2014 ME 89, ¶¶ 12-17, --- A.3d ---.

MERS, as nominee for Ally Bank, F/K/A GMAC Bank, assigned the mortgage to Federal National Mortgage Association (FNMA). FNMA then assigned the mortgage to GMAC Mortgage, LLC on July 13, 2012. And finally, on May 20, 2013, GMAC Mortgage, LLC assigned the mortgage to the Plaintiff, Green Tree Servicing, LLC. Because the Plaintiff's interest in the mortgage stems from an assignment from MERS, as nominee for the original lender, the Plaintiff lacks sufficient "ownership" of the mortgage because MERS, the original assignor, was not the owner of the mortgage and thus could not convey such an interest to any other party. *Id.* Because the Plaintiff does not own the mortgage, it lacks standing to foreclose. *Id.* And, as standing relates to the Court's jurisdiction, the Court may address the issue *sua sponte. See JPMorgan Chase Bank v. Harp*, 2011 ME 5, ¶ 7, 10 A.3d 718 ("[S]tanding relates to the court's subject matter jurisdiction and may be raised at any time, including during an appeal."); *Mortg. Elec. Registration Sys., Inc. v. Saunders*, 2010 ME 79, ¶¶ 15, 26, 2 A.3d 289 ("Without possession of or any interest in the note, MERS lacked standing to institute foreclosure proceedings and could not invoke the jurisdiction of our trial courts."); *Ewing v. Me. Dist. Court*, 2009 ME 16, ¶ 12, 964 A.2d 644; *Francis v. Dana-Cummings*, 2007 ME 17, ¶ 20, 915 A.2d 412 (stating that it is "well-settled law that a court may notice and act on a question regarding its authority or jurisdiction at any time, either on its own motion or on motion of any party"); *In re Walter R.*, 2004 ME 151, ¶ 3, 863 A.2d 276; *Collins v. State*, 2000 ME 85, ¶ 5, 750 A.2d 1257; *see also* M.R. Civ. P. 12(h)(3) (stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

Accordingly, the Plaintiff has sixty days to join or substitute the real party-in-interest pursuant to M.R. Civ. P. 17(a). *See Saunders*, 2010 ME 79, ¶ 17, 2 A.3d 289 (stating that M.R.

2

Civ. P. 17(a) is appropriately invoked "to correct an action that was filed and then maintained by the wrong party, or was filed in the name of the wrong party"); *see also Harp*, 2011 ME 5, ¶ 12, 10 A.3d 718. If the plaintiff fails to join or substitute the real party-in-interest or fails to establish its standing as the owner of the mortgage within sixty (60) days the case will be dismissed for lack of standing. *See Greenleaf*, 2014 ME 89, ¶ 12, --- A.3d ---.

**The entry shall be:**

The plaintiff's motion for an enlargement of time is GRANTED. The plaintiff is to join or substitute the real party-in-interest pursuant to M.R. Civ. P. 17(a) within sixty (60) days or the case will be dismissed. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: September 30, 2014

Hon. Roland Cole
Justice, Superior Court

3

---------------------------------------------------------------------

| 01 0000003856 | MORLEY, LEONARD F JR | | | |
|---|---|---|---|---|
| 707 SABLE OAKS DRIVE STE 250 SOUTH PORTLAND ME 04106 | | | | |
| F | GREEN TREE SERVICING LLC | PL | RTND | 03/24/2014 |

Defendants Pro Se