2009 ME 16

Colby E. EWING

v.

**MAINE DISTRICT COURT et al.**

Supreme Judicial Court of Maine.

Argued: Jan. 14, 2009.
Decided: Feb. 17, 2009.

Luke M. Rossignol, Esq. (orally), Bemis & Rossignol, LLC, Presque Isle, ME, for Colby E. Ewing.

G. Steven Rowe, Attorney General, Christopher C. Taub, Asst. Atty. Gen. (orally), Augusta, ME, for the Maine District Court and Vickie A. Harris, Clerk of the Maine District Court.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, MEAD, and GORMAN, JJ.

ALEXANDER, J.

[¶ 1] Colby E. Ewing appeals from a judgment of the Superior Court (Aroostook County, *Cuddy J.*) dismissing his complaint against the District Court (Caribou) and the Clerk of the District Court.

Ewing's complaint alleged, among other claims, constitutional violations and damages resulting from being identified in the court's computer system as a person prohibited by federal law from possessing a firearm or ammunition pursuant to 18 U.S.C.S. § 922(g)(8) (2005).[1]

[¶ 2] Because the Superior Court lacked jurisdiction to consider Ewing's challenge to the District Court's failure to act on his request that it amend its judgment or its docket entries reflecting entry of judgment, we affirm the Superior Court's dismissal of Ewing's complaint, concluding that the complaint should have been dismissed for lack of subject matter jurisdiction pursuant to M.R. Civ. P. 12(b)(1).

## I. CASE HISTORY

[¶ 3] There is no dispute about the facts as stated in the complaint.[2]

[¶ 4] On February 7, 2006, Ewing and his former wife appeared before the District Court (Caribou, *Daigle, J.*) for a final hearing on her complaint for protection from abuse, 19–A M.R.S. § 4007 (2008). Ewing had received notice and had the opportunity for a full hearing on the com-

---

1. Title 18 U.S.C.S. § 922(g) (2005) provides:

   It shall be unlawful for any person—
   . . . .
   (8) who is subject to a court order that—
   (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
   (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
   (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

   (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury;
   . . . .
   to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

2. When subject matter jurisdiction may be determined from the face of the complaint and without the need to resolve any factual disputes, the allegations of the plaintiff's complaint may be taken as true. *Torres–Negron v. J & N Records, LLC,* 504 F.3d 151, 162 (1st Cir.2007).

plaint. Because Ewing and his former wife were in agreement that a protection from abuse order should issue, there was no evidentiary hearing. Recognizing the agreement, the court checked the finding on the form order that "[t]he parties have agreed to the following Order, which is made without findings of abuse."

[¶ 5] On the prohibition portion of the order, the court checked paragraphs A–1, A–2, B, C, D, and E. By selecting A–1, Ewing was "prohibited from threatening, assaulting, molesting, attacking, harassing or otherwise abusing the plaintiff and any minor child(ren) residing in the household." Box A–2 provided that Ewing was "prohibited from the use, attempted use or threatened use of physical force that would reasonably be expected to cause bodily injury against the plaintiff or a minor child residing in the household." The selection of Box A–1 or A–2 carries additional significance because, as the form order that Ewing received warns: *"POSSESSION OF A FIREARM OR AMMUNITION WHILE THIS ORDER IS IN EFFECT IS PROHIBITED UNDER FEDERAL AND/OR STATE LAW IF ANY ONE OR MORE OF THE FOLLOWING BOXES HAVE BEEN CHECKED: A–1, A–2, OR F."*

[¶ 6] This warning reflects the requirements of federal law, 18 U.S.C.S. § 922(g)(8), that any person subject to a restraint such as in paragraphs A–1 or A–2, entered after a hearing or opportunity for a hearing, is prohibited from possessing or transporting firearms or ammunition. The mandates of the federal law focus on the restraints ordered after hearing. The fact that an order was entered by agreement, or that it was entered "without findings of abuse" is irrelevant to the application of section 922(g)(8). *See United States v. Young,* 458 F.3d 998,

1008–09 (9th Cir.2006); *United States v. Lippman,* 369 F.3d 1039, 1042 (8th Cir. 2004). Entry of an order with such restraints has collateral consequences as discussed below.

[¶ 7] After the court issued the order for protection from abuse, the requirements of the order were entered into the court's computer reporting system, thereby identifying Ewing as a person prohibited from possessing firearms or ammunition pursuant to federal law. This information was distributed to law enforcement agencies, including the United States and Canadian Customs and Border Patrol agencies, through the National Crime Information Center.

[¶ 8] Ewing is a long-haul trucker. His identification in national databases as a person prohibited from possessing firearms or ammunition led to lengthy detentions at the United States–Canadian border that made it impossible for him to meet delivery and pickup deadlines. In addition, his work as a Maine guide was adversely affected by his inability to carry a firearm while providing professional guide services.

[¶ 9] On August 23, 2007, Ewing sent a letter to the District Court and the court's clerk requesting that his designation as a person prohibited from possessing firearms or ammunition pursuant to federal law be removed from the computer reporting system. He alleged that this designation was incorrect and was causing him substantial damage. His principal contention was that the federal law reporting requirements were not triggered because, since the order was entered by agreement, there was no "hearing" or opportunity to participate in a hearing, as addressed in section 922(g)(8).[3] The court did not take any action after receiving Ewing's letter.

3. Four United States Court of Appeals opinions have held that the "hearing" prerequisite

[¶ 10] On December 12, 2007, Ewing filed a complaint in the Superior Court seeking a declaratory judgment pursuant to 14 M.R.S. § 5951 (2008) and M.R. Civ. P. 57 that: (1) the District Court and the clerk incorrectly interpreted and applied 18 U.S.C.S. § 922(g)(8) by identifying him as a person prohibited from possessing a firearm or ammunition when the protection from abuse order was issued by agreement of the parties, and (2) the improper designation deprived him of his rights under the United States and Maine Constitutions and caused him damages. Ewing also sought a writ of mandamus and permanent injunction requiring the clerk to remove his name from the computer reporting system.

[¶ 11] The State filed a motion to dismiss for failure to state a claim upon which relief may be granted, pursuant to M.R. Civ. P. 12(b)(6). On February 7, 2008, before the Superior Court issued a decision on the motion to dismiss, the protection from abuse order expired.[4] On June 4, 2008, the Superior Court granted the State's motion to dismiss. Ewing then brought this appeal.

## II. LEGAL ANALYSIS

[¶ 12] The Superior Court dismissed Ewing's complaint for failure to state a claim, pursuant to M.R. Civ. P. 12(b)(6). However, the initial inquiry by

the court should have been whether it had subject matter jurisdiction pursuant to M.R. Civ. P. 12(b)(1), and therefore had the authority to decide the case before it. *See Hawley v. Murphy,* 1999 ME 127, ¶ 8, 736 A.2d 268, 271 (explaining that without subject matter jurisdiction, a court has no authority to act). Because the existence of subject matter jurisdiction may be raised at any time, even *sua sponte* by an appellate court, we review Ewing's claim under a lack of jurisdiction analysis. *Tomer v. Human Rights Comm'n,* 2008 ME 190, ¶ 8 n. 3, 962 A.2d 335, 338. Whether subject matter jurisdiction exists is a question of law that we review de novo. *Id.* ¶ 9, 962 A.2d at 338.

[¶ 13] Ewing asserts that he may challenge, by a declaratory judgment action in the Superior Court, the administrative action of District Court staff in entering into the court computer database information based on the court order. However, there is no suggestion that the information entered into the system reflected anything other than what appeared on the face of the court order. When parties agree to an order and one party does not initially challenge the order because of a mistaken belief that the agreement, and the "without findings of abuse" declaration, avoids collateral consequences from such orders, the Maine Rules of Civil

---

of 18 U.S.C.S. § 922(g)(8) is met when the parties appear before a judge and have the opportunity to present arguments or evidence, whether arguments or evidence are actually presented or not. *See United States v. Young,* 458 F.3d 998, 1009 (9th Cir.2006); *United States v. Lippman,* 369 F.3d 1039, 1042 (8th Cir.2004); *United States v. Calor,* 340 F.3d 428, 430–31 (6th Cir.2003); *United States v. Banks,* 339 F.3d 267, 272–73 (5th Cir.2003).

4. Because the protection from abuse order has expired, the State asserts that this appeal

is moot. The issues raised by Ewing are significant, however, and all protection from abuse orders are time limited. Thus, the issues Ewing raises are issues that are capable of repetition, but, because of time limits in the orders, may escape appellate review. That status creates an exception to the mootness doctrine for issues that may be significant and capable of repetition that may escape appellate review. *Me. Civil Liberties Union v. City of So. Portland,* 1999 ME 121, ¶ 10, 734 A.2d 191, 195. We apply that exception to reach the jurisdictional issue in this case.

Procedure dictate the proper avenues to later bring a challenge.

[¶ 14] If Ewing believed that the order was mistaken in indicating that it was entered after a hearing or an opportunity for hearing, his remedy was a motion to correct a clerical mistake pursuant to M.R. Civ. P. 60(a). If Ewing believed that the order needed to be amended to address the "hearing" reference, or for any other reason, his remedy, more than a year after judgment, was a motion for relief from judgment pursuant to M.R. Civ. P. 60(b)(6). Any challenge to the District Court's action or lack of action on a Rule 60(a) or Rule 60(b) motion or on Ewing's letter is by a direct appeal to this Court. M.R.App. P. 1. The declaratory judgment law does not provide an alternative avenue for judicial review of a District Court action or lack of action in response to a letter requesting the amendment of a judgment that was within the court's jurisdiction. Because the Superior Court lacked subject matter jurisdiction over Ewing's complaint, it was properly dismissed.

The entry is:

Judgment affirmed.