MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2014 ME 20
Docket:        And-13-334
Submitted
 On Briefs:    January 28, 2014
Decided:       February 11, 2014

Panel:         ALEXANDER, LEVY, SILVER, GORMAN, and JABAR, JJ.

BANGOR SAVINGS BANK

v.

ROBIN N. RICHARD

PER CURIAM

[¶1]   Robin N. Richard appeals from a judgment entered by the District Court (Lewiston, *Lawrence, J.*) granting Bangor Savings Bank's motion for summary judgment on its foreclosure complaint.   Richard contends that the court erred in granting the Bank's motion for summary judgment because (1) the Bank improperly served its motion for summary judgment directly upon Richard and not her attorney, (2) discovery in the case was not complete, (3) service of the notice of Richard's right to cure pursuant to 14 M.R.S. § 6111 (2013) was flawed, and (4) there remains a genuine issue of material fact as to the amount owed under the mortgage.

[¶2]   In the context of a residential mortgage foreclosure, "certain minimum facts must be included in a mortgage holder's statement of material facts on

2

summary judgment." *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 10, 28 A.3d 1158. These minimum facts include the amount due on the mortgage note. *Id*. The Bank's statement of material facts indicates that the amount due on the note is $389,302.08. The affidavit cited to support this fact states that the amount due on the note is $384,644.05, exclusive of legal fees. The loan payoff statement cited in the affidavit in support of the amount owed states that the balance due is $384,660.05, exclusive of legal fees. Applying the rules of summary judgment strictly as we must in a residential foreclosure, *id.* ¶ 9, the Bank did not set forth a properly supported statement of fact regarding the amount due on the note, and it remains an unresolved issue of material fact.

[¶3] We do not address Richard's remaining contentions because they are unpreserved due to Richard's failure to timely file a properly supported opposing statement of material facts. *See Foster v. Oral Surgery Assocs., P.A.*, 2008 ME 21, ¶ 22, 940 A.2d 1102 ("An issue raised for the first time on appeal is not properly preserved for appellate review."). Furthermore, assuming, arguendo, that Richard's counsel had appeared generally and that the Bank had been properly notified of that appearance, Richard demonstrates no prejudice from service of the summary judgment documents on her rather than on her retained counsel and no prejudice from the differing addresses, all directed to her property, that were referenced in the notice pursuant to 14 M.R.S. § 6111. In addition, Richard did not

avail herself of the existing procedure for deferring consideration of summary judgment when discovery is allegedly incomplete, *see* M.R. Civ. P. 56(f). We need not address her other arguments that summary judgment was improper, as they do not impact the merits of the Bank's claim other than the issue of the sums due, which must be addressed on remand.

The entry is:

> Judgment vacated and remanded to the District Court.

---

**On the briefs:**

Brian D. Condon, Esq., Law Office of Brian D. Condon, Winthrop, for appellant Robin N. Richard

John R. Canders, Esq., and Ryan P. Dumais, Esq., Eaton Peabody, P.A., Bangor, for appellee Bangor Savings Bank

Lewiston District Court docket number RE-2012-114
FOR CLERK REFERENCE ONLY