ENTERED SEP 2 1 2014

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
Docket No. RE-13-0445

CUM-RAC-09-19-14

BATH SAVINGS INSTITUTION,
        Plaintiff

**ORDER ON MOTION FOR SUMMARY JUDGEMENT**

SUZAN M. ELICHAA,

        Defendants

STATE OF MAINE
Cumberland, ss.

SEP 22 2014

RECEIVED

BATH SAVINGS INSTITUTION,
F.W. WEBB COMPANY,
MAINE REVENUE SERVICE,
and UNITIL d/b/a NORTHERN
UTILITIES ME GAS,

        Parties-in-interest

Before the Court is a motion by the Plaintiff, Bath Savings Institute, for summary judgment in a residential foreclosure action brought pursuant to 14 M.R.S. §§ 6321-6325 (2013).[1] Neither the Defendant nor any of the parties-in-interest submitted an opposition the Plaintiff's motion. However, because the Plaintiff failed to provide evidence of a properly served notice of default and mortgagor's right to cure in compliance with statutory requirements and failed to establish the amount due on the note, the motion for summary judgment is DENIED. *See Bank of Am., N.A. v. Greenleaf,* 2014 ME 89, ¶ 18, --- A.3d --- (citing to *Chase Home Fin. LLC v. Higgins,* 2009 ME 136, ¶ 11, 985 A.2d 508). Furthermore, the evidence submitted in support of the Plaintiff's motion for summary judgment demonstrates that it lacks standing to seek foreclosure of the Defendant's mortgage, and thus, the Plaintiff has sixty (60) days to join the real party-in-interest pursuant to M.R. Civ. P. 17(a) and to provide documentary evidence of its role as servicer of the mortgage.

---

[1] In addition to the mortgage the Plaintiff is attempting to foreclose in this action, which secures a note given to the Plaintiff for the amount of $286,800, the Plaintiff also claims to hold a second priority mortgage securing a note given to the Plaintiff for the amount of $71,000.

## I.    Summary Judgment

The Plaintiff's motion for summary judgment is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions.   M.R. Civ. P. 56(j).[2]  The court is independently required to determine if those requirements have been met and is also required to determine whether the mortgage holder has set forth in its statement of material facts the evidence necessary for a judgement in a residential mortgage foreclosure. *See Greenleaf*, 2014 ME 89, ¶ 18, --- A.3d ---; *Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508.

After reviewing the Plaintiff's motion and the documents and affidavits cited to, the Court concludes that the requirements for a judgment of foreclosure have not been met, in part because the Plaintiff failed to produce evidence of a properly served notice in compliance with 14 M.R.S. § 6111 (2013). *See Greenleaf*, 2014 ME 89, ¶ 18, --- A.3d --- (citing to *Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508) (listing the elements of proof necessary to support a judgment of foreclosure).

The notice referred to and appended to the Plaintiff's motion for summary judgment does not strictly comply with the requirements of 14 M.R.S. § 6111.  The notice, which is dated September 30, 2013, informs the Defendant that "[a]dditional interest continues to accrue on the Note at the current rate . . . for each day subsequent to September 30, 2013 until you cure your default." (Pl. SMF ¶ 11; Hennessey Af. ¶ 18; Pl. Ex. C.)  The notice also provides that "you will

---

[2] Maine Rule of Civil Procedure 56(j) states, in part:

> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

. . . be obligated to pay all additional accrued interest, fees, including attorney's fees, costs and other expenses incurred by BSI subsequent to September 30, 2013." (Pl. SMF ¶ 11; Hennessey Af. ¶ 18; Pl. Ex. C.) These statements do not strictly comply with the statutory requirements of 14 M.R.S. § 6111, which "effectively freezes" additions to the amount necessary to cure the default. *Greenleaf*, 2014 ME 89, ¶ 31, --- A.3d ---. By stating that the Defendant "will also be obligated to pay" additional amounts that accrue on the note subsequent to September 30, 2013, the notice indicates an amount in excess of the amount listed in the notice will be necessary in order to cure the default. This runs afoul of 14 M.R.S. § 6111.

Additionally, the amount the Plaintiff asserts is due on the note in its statement of material facts is not supported by the documents cited to. The Plaintiff claims that $253,727.20 is due and owing on the note. (Pl. SMF ¶ 14.) The Plaintiff cites to a "Loan Payoff Statement" which states the amount due and owing is $253,721.20. (Pl. Ex. I.) A review of the figures reveals that the "Mortgage Discharge Fee" is only sixteen dollars in the loan payoff statement but the Plaintiff is claiming it is twenty-two dollars in its statement of material facts. (Pl. SMF ¶ 14; Pl. Ex. I.) Although this is a seemingly small discrepancy, it alone would be sufficient to deny the Plaintiff's motion for summary judgment. *See Bangor Sav. Bank v. Richard*, 2014 ME 20, ¶ 9, 86 A.3d 1167; *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 9, 28 A.3d 1158 (stressing the importance of applying the rules of summary judgment strictly in foreclosure actions).

Additionally, the Plaintiff's statement of material fact establishing the amount of attorney fees incurred thus far is not properly supported. The Plaintiff claims to have incurred $6,252.87 in legal fees. (Pl. SMF ¶ 22.) However, instead of citing to counsel's affidavit and the billing records attached to counsel's affidavit, the Plaintiff cites only to the affidavit of its employee

3

who does not reference any supporting documentation. (Hennessey Af. ¶ 29.) *See* M.R. Civ. P. 56(h)(4); *Gabay*, 2011 ME 101, ¶ 8, 28 A.3d 1158 ("The court is neither required nor permitted to independently search a record to find support for facts offered by a party."). Without a reference to a breakdown of the legal fees and charges incurred it impossible for the Court to evaluate whether the legal fees are reasonable, which is especially important in this case given the unusually high fees incurred in a relatively short period of time. *See* 14 M.R.S. § 6322 (providing the Court is to determine the amount due on the note, including *reasonable* attorney fees).

For these reasons, the Plaintiff's motion for summary judgment is DENIED.

**II.    Standing**

In order to have standing to foreclose a residential mortgage, the Plaintiff must establish: (1) that it is the holder of the note; and (2) that it is the owner of the mortgage. *Greenleaf*, 2014 ME 89, ¶¶ 10-17, --- A.3d ---. The Plaintiff failed to satisfy both prongs of the standing analysis in this case.

Although the Plaintiff need not be the owner, or economic beneficiary, of the note in order to having standing to foreclose, the Plaintiff must establish that it is the current holder of the note and is entitled to enforce the note under Maine's Uniform Commercial Code. *Id.* ¶¶ 10-11, 21; *U.S. Bank Nat'l Ass'n v. Thomes*, 2013 ME 60, ¶¶ 9, 11, 69 A.3d 411; *see also* 11 M.R.S. § 1-1201(5),(21)(a) (2013); 11 M.R.S. § 3-1301(1) (2013). In its statement of material facts the Plaintiff dose not claim to be the current holder of the note. It merely claims "to be the holder of all rights set forth" in the note and mortgage. (Pl. SMF ¶ 8.) The Plaintiff further states that the "Note and Mortgage were assigned by BSI to Federal Home Loan Mortgage Corporation ('Freddie Mac')." (Pl. SMF ¶ 8.) This is not the same as claiming to have physical possession

4

of the original note indorsed in blank, which is required in order to establish the right to enforce the note as the holder.[3] *See* 11 M.R.S. § 1-1201(5), (21)(a); 11 M.R.S. § 3-1301(1). Assuming that the Plaintiff actually has possession of the original note and the failure to state so in the statement of material facts was a drafting oversight, this defect can be cured by providing the affidavit of a qualified witness that states that the Plaintiff is currently in possession of the note.[4]

With regard to the second prong of the standing analysis, the Plaintiff affirmatively asserts that it is not the owner of the mortgage. (*See* Pl. SMF ¶ 8.) Ownership of the mortgage is required in order to establish standing to seek foreclosure. *Greenleaf*, 2014 ME 89, ¶ 12, --- A.3d --- ("[T]he mortgage portion of the standing analysis requires the plaintiff to establish *ownership* of the mortgage.") The Plaintiff states that the Defendant originally executed the mortgage in its favor but that it assigned the mortgage to Freddie Mac.[5] (Pl. SMF ¶ 8.) There is no assertion that Freddie Mac ever assigned the mortgage back to the Plaintiff, thus, the Plaintiff lacks standing to pursue the foreclosure action. *See Greenleaf*, 2014 ME 89, ¶¶ 12-17, --- A.3d --- ("In the absence of any evidence that the [Plaintiff] owned [the Defendant's mortgage], we conclude the Bank lacked standing to seek foreclosure.")

The Plaintiff asserts that it is Freddie Mac's servicer and "according to federal rules and regulations, as well as Freddie Mac guidelines, BSI must bring this collection and foreclosure action in its own name." (Pl. SMF ¶ 8.) The federal rules and regulations referred to are not

---

[3] The Plaintiff has not claimed it is entitled to enforce the note under any other provision of the Maine Uniform Commercial Code. *See* 11 M.R.S. § 3-1301(2), (3) (2013).

[4] The Plaintiff met its burden of showing "proof of ownership of the mortgage note" by identifying Freddie Mac as the owner of the note in its statement of material facts. *See Bank of AM., N.A. v. Greenleaf*, 2014 ME 89, ¶¶ 18, 21-22, --- A.3d ---. However, this analysis is separate from the standing analysis and the Plaintiff is required to do more than just identify the economic beneficiary of the note in order to establish standing. It must prove it is entitled to enforce the note. *Id.* ¶ 10-11.

[5] The fact that the assignment was not recorded in the registry does not effect the validity of the assignment. *See Mott v. Lombard*, 655 A.2d 362, 364 (Me. 1995) ("The want of record of a deed does not render the instrument void.")

specifically cited. Also, the Plaintiff did not attach any documentary evidence regarding Freddie Mac's guidelines, any documentary evidence supporting the Plaintiff's claim that it is acting as Freddie Mac's agent, nor a copy of the assignment referred to, and thus this statement is not properly supported. *See* M.R. Civ. P. 56(e) (requiring sworn or certified copies of all papers or parts thereof referred to in an affidavit to be attached). However, even if the Plaintiff had properly supported its assertion that it services the loan on Freddie Mac's behalf, it would still not have standing to seek foreclosure in its own name pursuant to *Greenleaf*.[6] Only the mortgage owner, in this case Freddie Mac, has standing to do so.

As the analysis above demonstrates, the Plaintiff lacks standing to seek foreclosure of the Defendant's mortgage because the Plaintiff has not established it is the holder of the note or the owner of the mortgage. *See id.* ¶¶ 10-17. As such, the Plaintiff is not the real party-in-interest pursuant to M.R. Civ. P. 17(a). *See Mortg. Elec. Registration Sys. Inc. v. Saunders*, 2010 ME 79, ¶ 17, 2 A.3d 289 (stating that M.R. Civ. P. 17(a) is appropriately invoked "to correct an action that was filed and then maintained by the wrong party, or was filed in the name of the wrong party"); *see also J.P. Morgan Chase Bank v. Harp*, 2011 ME 5, ¶ 12, 10 A.3d 718. And, as standing relates to the Court's jurisdiction, the Court may address the issue *sua sponte*. *See Harp*, 2011 ME 5, ¶ 7, 10 A.3d 718 ("[S]tanding relates to the court's subject matter jurisdiction and may be raised at any time, including during an appeal."); *Saunders*, 2010 ME 79, ¶¶ 15, 26, 2 A.3d 289 ("Without possession of or any interest in the note, MERS lacked standing to institute foreclosure proceedings and could not invoke the jurisdiction of our trial courts."); *Ewing v. Me. Dist. Court*, 2009 ME 16, ¶ 12, 964 A.2d 644; *Francis v. Dana-Cummings*, 2007 ME 17, ¶ 20, 915 A.2d 412 (stating that it is "well-settled law that a court may notice and act on a question

---

[6] The Plaintiff may still prosecute the foreclosure action on Freddie Mac's behalf, but must do so in Freddie Mac's name and must present documents evidencing its authority to do so, such as a power of attorney.

regarding its authority or jurisdiction at any time, either on its own motion or on motion of any party"); *In re Walter R.*, 2004 ME 151, ¶ 3, 863 A.2d 276; *Collins v. State*, 2000 ME 85, ¶ 5, 750 A.2d 1257; *see also* M.R. Civ. P. 12(h)(3) (stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

Thus, pursuant to M.R. Civ. P. 17(a), the Plaintiff has sixty (60) days to join or substitute the real party-in-interest, Freddie Mac, or to demonstrate that it is the real party-in-interest by establishing that it possesses the note and owns the mortgage or the action will be dismissed without prejudice.

**The entry shall be:**

The plaintiff's motion for summary judgment is DENIED. The Plaintiff shall have sixty (60) days to correct the defect in standing or the action will be dismissed. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: September 14, 2014

Hon. Roland Cole
Justice, Superior Court

7

ERK OF COURTS  
umberland County  
bury Street, Ground Floor  
ortland, ME 04101

Suzan Elichaa  
9 Brook Road  
Falmouth ME 04105

*Pro Se*

bury Street, Ground Floor  
ortland, ME 04101

Stanley Greenberg Esq  
95 Exchange Street Ste. 100  
Portland ME 04101

F W Webb

ortland, ME 04101

Bruce Hochman Esq  
PO Box 15235  
Portland ME 04112-5235

Plaintiff