STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-13-124

BANK OF AMERICA, N.A.,

Plaintiff

v.

GARY W. LONG, et al.,

Defendants

STATE OF MAINE
Cumberland, ss. Clerk's Office

OCT 1 6 2015

RECEIVED

ORDER

Before the court is plaintiff's second motion for relief from judgment. Judgment was entered in favor of defendants on 4/16/15. Plaintiff first moved for relief and to vacate judgment for defendants on 6/4/15. The court denied that motion on 8/6/15. Plaintiff filed a second motion for relief from judgment on 8/26/15. In the second motion, plaintiff reasserts the argument from its first motion that it lacked standing to foreclose. A court's final decision on a Rule 60(b) motion bars successive Rule 60(b) motions on the same grounds. See Willette v. Umhoeffer, 268 A.2d 617, 618 (Me. 1970) (holding that res judicata applies to Rule 60(b) motions).

Plaintiff's reliance on Homeward Residential, Inc. v. Gregor, decided since the court's order on plaintiff's first motion, does not change this result. 2015 ME 108, ___ A.3d ___. In Homeward Residential, the trial court determined the plaintiff lacked standing after considering the exhibits and testimony admitted at trial. Id. ¶¶ 9-11. In contrast, there was no trial in this case, and there is no record or evidence on which to consider plaintiff's argument. As a result, the court could not conclude that plaintiff lacked standing even if this motion were not barred.

The entry is

Plaintiff's Motion for Relief from Judgment is DENIED.

Dated: October 15, 2015

Nancy Mills
Justice, Superior Court

CUMB RE-13-124.

JOHN NEY ESQ
SHECHTMAN HALPERIN SAVAGE
1080 MAIN ST
PAWTUCKET RI 02860

MARK KEARNS ESQ
PO BOX 17915
PORTLAND ME 04112

JOSHUA DOW ESQ
PEARCE & DOW LLC
PO BOX 108
PORTLAND ME 04112-0108

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-13-124

BANK OF AMERICA, N.A.,

Plaintiff

v.

ORDER

STATE OF MAINE
Cumberland Clark's Office

AUG 06 2015

RECEIVED

GARY W. LONG, et al.,

Defendants

Before the court is plaintiff's motion for relief and to vacate judgment for defendants. Plaintiff appeared on 3/6/15, the date for trial, and moved to dismiss the complaint because plaintiff was not prepared for trial and had no witnesses. Judgment was entered in favor of defendants on 4/16/15. No trial was held and there is no record or evidence on which the court can consider the argument plaintiff now makes. Plaintiff does not address this issue in its reply to defendants' objection. (Def.'s Obj. 6.)

Further, assuming the record after trial in the Superior Court established that plaintiff "does not appear to own the mortgage and lacks standing to foreclose," that fact would not provide a basis to vacate a judgment for defendants. See Nationstar Mortgage, LLC v. Halfacre, PORSC-RE-2012-102 (Me. Super. Ct., Cum. Cty., July 23, 2015); (Pl.'s Mot. 3).

The entry is

Plaintiff's Motion for Relief and to Vacate Judgment for
Defendants is DENIED

Dated: August 5, 2015

Nancy Mills
Justice, Superior Court

Plaintiff-Jeffrey Hardiman Esq
Defendants-Mark Kearns Esq

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-13-124

GREEN TREE SERVICING,
LLC SUBSTITUTED 01/2014
aka BANK OF AMERICA, N.A.,
SUB 01/2014,

        Plaintiff

JUDGMENT

v.

GARY W. LONG and
SUSAN M. LONG,

        Defendants

16 APR '15 PM 12:13

EVERGREEN CREDIT UNION
and UNIFUND CCR
PARTNERS,

        Parties-in-Interest

By notice dated 1/13/15, this case was called to trial on 3/6/15. Prior to trial, on 11/19/13, a report of non-compliance was issued against plaintiff. On 2/19/15, the court granted defendants' unopposed motion and required that plaintiff provide all trial exhibits to defendants fourteen days prior to trial. On 3/3/15, defendants filed a motion in limine to exclude documents not provided to defendants, including any assignments that had not been provided as of 3/2/15, and to exclude any documents for which the one witness listed by plaintiff could not provide a sufficient foundation.

On 3/6/15, plaintiff's counsel appeared and moved to dismiss its complaint because it was not prepared for trial and had no witness. Plaintiff relied on the Greeleaf and Chartier decisions to argue it could not proceed. See CitiMortgage v. Chartier, 2015 ME 17, -- A.3d --; Bank of America, N.A. v. Greenleaf, 2014 ME 89, 96 A.3d 700.

Although plaintiff may have had a Chartier issue, plaintiff admitted it lacked the assignments mandated by Greenleaf.[1] See Greenleaf, 2014 ME 89, ¶ 17, 96 A.3d 700. Greenleaf was decided on July 3, 2014.

This case differs from OneWest Bank, FSB v. LaRoche. See OneWest Bank, FSB v. LaRoche, Mem-15-15 (Mar. 3, 2015); Mem-15-23 (April 2, 2015). The judgment of foreclosure in LaRoche was issued before the Greenleaf decision. In LaRoche, the Law Court originally remanded for entry of judgment for defendant but reconsidered, vacated that judgment, and remanded for dismissal of the complaint. OneWest Bank, FSB, Mem-15-15 (Mar. 3, 2014); Mem-15-23 (Apr. 2, 2015). In this case, plaintiff was on notice of the Greenleaf requirements for nine months.

As defendants' counsel stated at trial, he had no idea what to expect when he entered the courtroom for trial. Because plaintiff had filed no motion to continue or motion to dismiss, counsel determined plaintiff might have obtained assignments and witnesses necessary to proceed to trial. Instead, the first notice to the court and defendants that plaintiff could not prove its case was given on the morning of trial.

In the report of noncompliance, the mediator stated:

> It is the opinion of this mediator that the Plaintiff has completely disregarded the agreed to dates from the previous mediation session. The lack of response in meeting the agreed upon dates of the previous agreement is unnecessarily delaying this process and wasting court resources. Additional interest costs, fees, and costs are being added to the loan as it drags on as well as the Defendant's Counsel's fees and expenses.

(Report of Non-Compliance filed 11/19/13.) In its response, plaintiff agreed that at the second mediation, the loan was still under review, there was no update to provide, and

---

1 Plaintiff stated that if the Greenleaf assignment is missing, there is no entity to send the Chartier demand.

2

a firm date for completion of the review could not be given. Plaintiff noted only the large volume of modifications being reviewed by plaintiff and the potential benefit to defendants if the modification took place. (Pl.'s Response to Report of Non-Compliance filed 12/10/13.)

The mediator's comments apply to plaintiff's handling of this case since the mediations. At trial, plaintiff did not identify any efforts made to address the <u>Greenleaf</u> issues it faced. Plaintiff argued instead that its lack of standing required a dismissal without prejudice. Plaintiff's nine-month awareness of lack of standing cannot be used as a shield against its neglect of a lawsuit.

The entry is

> Judgment is entered in favor of Defendants Gary W. Long and Susan M. Long and against Plaintiff Green Tree Servicing, LLC Substituted 01/2014 aka Bank of America, N.A., Sub 01/2014 on Plaintiff's Complaint.

Dated: _4·16·15_

Nancy Mills
Justice, Superior Court

Plaintiff-Jeffrey Hardiman Esq/Monica Shoenbaum Esq
Defendants-Mark Kearns Esq
PII Evergreen CU-Joshua Dow Esq

3