STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CUMSC-CV-14-120

KATHY TAYLOR, as parent and legal
guardian of C.T.

      Plaintiff,

v.

STATE OF MAINE, DEPARTMENT OF
EDUCATION

      Defendant.

)
)
)
)
)
)
)
)
)

ORDER ON DEFENDANT'S
MOTION TO DISMISS

STATE OF MAINE
Cumberland ss Clerk's Office

JAN 2 8 2016

RECEIVED

Before the court is Defendant Maine Department of Education's ("DOE") motion to dismiss Plaintiff Kathy Taylor's complaint for review of an administrative hearing officer's order and for enforcement of an alleged settlement agreement between the parties. For the following reasons, DOE's motion to dismiss is granted.

## I.   BACKGROUND

Plaintiff Kathy Taylor is the mother of C.T., a 19-year-old man with severe autism. (Compl. ¶¶ 2-3.) C.T. is a "state agency client" under Maine's Unified Special Education Regulations, which implement the federal Individuals with Disabilities Education Act ("IDEA"). (*Id.* ¶ 3.) DOE is responsible for providing state agency clients with a free appropriate public education, as required by IDEA. (*Id.* ¶ 6.) C.T. currently receives educational services at the Center for Autism and Developmental Disorders ("CADD") in South Portland, pursuant to an Individualized Education Plan funded by DOE. (*Id.* ¶ 8.)

On December 17, 2014, Plaintiff filed an IDEA due process complaint against DOE alleging that C.T. had not received a free appropriate public education between 2010 and 2014. (*Id.* ¶¶ 19-20.) A hearing officer was appointed and a hearing was scheduled for January 30,

2015. (Hr'g Officer Ruling 1.) The parties attended mediation on January 12, 2015, but did not reach an agreement. (Compl. ¶ 21.) On January 20, 2015, DOE extended a settlement offer via email, in which DOE offered to provide an additional year for C.T. at CADD or an equivalent educational program and a payment of $15,000 to Plaintiff. (*Id.* ¶¶ 23-24.) Plaintiff's counsel subsequently exchanged emails with DOE, in which DOE clarified that its offer encompassed a full 12-month period and that the $15,000 payment would not constitute income to Plaintiff. (*Id.* ¶¶ 26-27.) Plaintiff accepted this offer on January 21, 2015. (*Id.* ¶ 28.)

Several weeks later, it became apparent that the parties had differing interpretations of the agreement. On February 4, 2015, DOE informed Plaintiff that it would pay $75,000 toward C.T.'s educational services for the 2016-2017 school year. (*Id.* ¶ 35.) Plaintiff had believed that DOE's offer included all of C.T.'s educational services, which cost $206,444 for the 2014-2015 school year and will likely cost more for the 2016-2017 school year due to inflation. (Compl. ¶ 34; Def. Mot. Dismiss 2.) Plaintiff brought this dispute to the attention of the administrative hearing officer and requested that the hearing officer hold the hearing in abeyance until the dispute was resolved. (Hr'g Officer Ruling 2; Compl. ¶ 36.) On February 11, 2015, the hearing officer convened a conference call to discuss whether she had jurisdiction to decide if the parties had entered into a settlement agreement. (Hr'g Officer Ruling 2.) On March 13, 2015, the hearing officer issued an order concluding that she lacked jurisdiction to decide whether the parties had entered into a settlement agreement. (Hr'g Officer Ruling 11; Compl. ¶ 37.) A hearing on Plaintiff's due process complaint has not occurred.

Plaintiff filed this complaint on March 24, 2015. (Compl. at 1.) The complaint contains one count, which seeks review of the hearing officer's order and enforcement of the alleged settlement agreement. (*Id.* ¶¶ 42-45.) On April 21, 2015, DOE filed a motion to dismiss

2

pursuant to Maine Rule of Civil Procedure 12(b)(6). (Def. Mot. Dismiss 1.) Plaintiff filed an opposition to the motion on April 27, 2015. (Pl. Opp'n to Def. Mot. Dismiss 1.) DOE filed a reply on May 6, 2015. (Def. Reply to Pl. Opp'n to Def. Mot. Dismiss 1.)

## II. DISCUSSION

### A. Standard of Review

Although DOE moved to dismiss pursuant to Maine Rule of Civil Procedure 12(b)(6), because DOE is challenging the court's subject matter jurisdiction, the appropriate standard is actually Rule 12(b)(1). *See Ewing v. Me. Dist. Court*, 2009 ME 16, ¶ 12, 964 A.2d 644 (stating the court should have dismissed claim under Rule 12(b)(1) when inquiry was whether court had authority to decide the case before it).

A motion to dismiss pursuant to Maine Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction. M.R. Civ. P. 12(b)(1). "When a court's jurisdiction is challenged, the plaintiff bears the initial burden of establishing that jurisdiction is proper." *Commerce Bank & Trust Co. v. Dworman*, 2004 ME 142, ¶ 8, 861 A.2d 662. The court makes no favorable inferences in favor of the plaintiff. *Persson v. Dep't of Human Servs.*, 2001 ME 124, ¶ 8, 775 A.2d 363. The court may consider materials outside of the pleadings. *Gutierrez v. Gutierrez*, 2007 ME 59, ¶ 10, 921 A.2d 153.

### B. Subject Matter Jurisdiction

DOE argues that the IDEA does not confer subject matter jurisdiction over Plaintiff's claim because her claim presents the issue of whether a settlement agreement was reached, which is a matter of state law. (Def. Mot. Dismiss 3.) Plaintiff argues that her claim is an independent civil action, which is expressly permitted by the IDEA. (Pl. Opp'n to Def. Mot. Dismiss 3-4.) The IDEA provides:

3

> Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States.

20 U.S.C. § 1415(i)(2)(A) (2012). The statute's use of the term "civil action" and its inclusion of a separate section delineating the process for appeals make clear that it contemplates independent civil actions. *Kirkpatrick v. Lenoir Cnty. Bd. of Educ.*, 216 F.3d 380, 384 (4th Cir. 2000).

Thus, the issue is more specifically whether Plaintiff's claim is the type of civil action contemplated by the IDEA, i.e., whether it falls under § 1415(i)(2)(A). That subsection confers jurisdiction over findings and decisions made under subsections (f), (k), or (i). Subsection (f) governs the procedure for due process hearings. 20 U.S.C. § 1415(f). Plaintiff cannot rely on this provision because a due process hearing has not yet occurred. *See* 46 Am. Jur. 2d *Schools* § 427 (IDEA confers jurisdiction for parties aggrieved by findings or decisions made in a due process hearing); *see also M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1087-89 (9th Cir. 2012) (IDEA does not allow judicial review of pre-hearing orders). Subsection (k) governs the procedure for placing a student in an alternative educational setting. 20 U.S.C. § 1415(k). Plaintiff cannot rely on this provision because she has not alleged that C.T. was placed in an alternative educational setting. Subsection (i) applies to findings and decisions made at a hearing or appeal to the state educational agency. 20 U.S.C. § 1415(i)(1)(A)-(B). Neither a hearing nor an appeal to the state educational agency has occurred. Therefore, § 1415(i)(2)(A) does not confer jurisdiction over Plaintiff's claim because neither subsection (f), (k), nor (i) apply.

The parties point to other language in the IDEA to support their respective positions that this court does or does not have jurisdiction. Plaintiff points to subsection (b) as evidence that the IDEA authorizes a broad array of complaints. (Pl. Opp'n to Def. Mot. Dismiss 5-6.) That

4

subsection allows a party to bring "a complaint ... with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child...." 20 U.S.C. § 1415(b)(6)(A). However, subsection (b) provides the basis for administrative due process complaints, not civil complaints. *See Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 525-27 (2007) (explaining that a complaint brought under subsection 1415(b)(6)(A) triggers the administrative review process); *Robert K. v. Cobb Cnty. Sch. Dist.*, 279 F. App'x 798, 801 (11th Cir. 2008) (holding that plaintiff's breach of settlement agreement claim did not come under § 1415(b)(6)(A) because it "did not require any adjudication of plaintiffs' rights under the IDEA or any consideration of the text of the IDEA").

Additionally, DOE points to the phrase "with respect to the complaint presented pursuant to this section" in § 1415(i)(2)(A) and argues that plaintiff's claim is not "with respect to" her due process complaint because they involve different subject matter. (Def. Reply to Pl. Opp'n to Def. Mot. Dismiss 2.) A plaintiff must first "file a separate administrative complaint *to raise that issue* and exhaust all administrative remedies regarding that complaint before filing a judicial action." *M.T.V. v. Dekalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1159 (11th Cir. 2006) (emphasis added). Although Plaintiff's due process complaint is not included in the record, it is clear that the complaint could not have raised issues regarding the hearing officer's order and the existence of a settlement agreement because those issues arose after Plaintiff filed the due process complaint. Therefore, Plaintiff's claim is not "with respect to" her due process complaint, and Plaintiff cannot rely on that portion of § 1415(i)(2)(A) for this reason as well.

### III.    CONCLUSION

The IDEA confers jurisdiction over civil actions when a party is aggrieved by a finding or decision under subsections (f), (k), or (i). Subsection (k) is not relevant the present action, and

5

subsections (f) and (i) govern hearings and administrative appeals, neither of which has occurred. As a result, the IDEA does not confer jurisdiction over Plaintiff's claim.

Therefore, based on the foregoing, Defendant Maine Department of Education's motion to dismiss Plaintiff Kathy Taylor's complaint is granted.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 1/28/16

Lance E. Walker
Justice, Superior Court

6