STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-13-229

ONEWEST BANK FSB,

Plaintiff

v.

KELLIE KEEFE and
WILLIAM KEEFE,

Defendants

STATE OF MAINE
ORDER Cumberland ss Clerk's Office

MAR 2 1 2016

RECEIVED

Before the court are defendants' (1) motion for enlargement of time, (2) motion to submit the motion for enlargement of time under seal, (3) motion to alter or amend the judgment, and (4) motion for sanctions. For the following reasons, the motion to submit under seal is granted and the motion for enlargement of time as to both the motion to alter or amend the judgment and the motion for sanctions is denied. Denial of the motion for enlargement renders those motions moot.

FACTS

Plaintiff filed this foreclosure action in May 2013. Mediation sessions occurred on July 12, 2013, January 10, 2014, July 11, 2014, September 19, 2014, March 6, 2015, and June 5, 2015. On June 26, 2015, plaintiff moved to dismiss because it wished to address "issues involved with the file" as a result of Bank of Am., N.A. v. Greenleaf, 2014 ME 89, 96 A.3d 700 and CitiMortgage, Inc. v. Chartier, 2015 ME 17, 111 A.3d 39.

On July 17, 2015, defendants requested that the court defer ruling on plaintiff's motion to dismiss until after reviewing defendants' motion for sanctions, which they planned to file within 14 days. On August 18, 2015, defendants filed a motion for enlargement of time to file the motion for sanctions, claiming that they underestimated

1

the amount of time it would take to complete the motion. Plaintiff objected to the motion for enlargement on August 21, 2015. The court granted the motion on September 17, 2015 and set a deadline of October 2, 2015 for defendants to file the motion.

On October 2, 2015, defendants filed a second motion for enlargement and stated that they planned to file with the motion for sanctions certain documents that they wanted to be under seal. Defendants requested that they be allowed to file the motion for sanctions after the court ruled on the motion to submit under seal. Plaintiff objected to the motion for enlargement on October 9, 2015. On October 27, 2015, the court granted both the motion to submit under seal and the second motion for enlargement. A new deadline was set for November 9, 2015. The court wrote on the order, "No further enlargement will be permitted absent extraordinary circumstances."

On November 9, 2015, defendants filed a third motion for enlargement. The court granted the motion by order filed November 17, 2015 and set a new deadline for November 16, 2015. The court wrote on the order, "final extension." Plaintiff objected to the third motion for enlargement on November 18, 2015. On December 9, 2015, the court granted plaintiff's motion to dismiss without prejudice. The court wrote "Defendants were allowed three opportunities to file a motion for sanctions in response to plaintiff's motion to dismiss and have filed nothing." Defendants filed the present motions on December 28, 2015. Plaintiff opposed the motions on January 15, 2016.

DISCUSSION

A. Motion to Submit Under Seal

A party may file a motion to seal documents under M.R. Civ. P. 79(b)(1). Plaintiff does not object to the motion. (Pl.'s 10/9/15 Objection ¶ 7.) The court has previously

2

granted defendants' motion to submit documents under seal in connection with their second motion for enlargement. (See 10/27/15 Order.)

### B. Motion for Enlargement

#### 1. Motion to Alter or Amend Judgment

"A motion to alter or amend the judgment shall be filed not later than 14 days after entry of the judgment." M.R. Civ. P. 59(e). The court granted plaintiff's motion to dismiss on December 9, 2015. Defendants did not file their motion to alter or amend the judgment until December 28, 2015, five days after the deadline. Defendants have therefore moved for an enlargement of time under M.R. Civ. P. 6(b).[1] That rule states, however, that the court "may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d), and (e), and 60(b), except to the extent and under the conditions stated in those rules." M.R. Civ. P. 6(b). M.R. Civ. P. 59(e) does not provide for enlargement of time. The court therefore may not grant defendants' motion for enlargement as to their motion to alter or amend the judgment.

#### 2. Motion for Sanctions

"[T]he court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ." M.R. Civ. P. 6(b). "The standard for determining an excusable neglect defense is a strict one and can be met only when there are extraordinary circumstances that work an injustice." Gregory v. City of Calais, 2001 ME 82, ¶ 7, 771 A.2d 383. "Whether the failure to make a timely filing was excusable is addressed to the court's sound discretion." Rodriguez v. Torres, 610 A.2d

---

[1] Although defendants discuss only the motion for sanctions in the motion for enlargement of time, the motion to alter or amend the judgment provides, "In support of this motion Defendants offer their accompanying motions including their Motion for Enlargement of Time Due To Excusable Neglect and their related Motion for Sanctions . . . which motions hereby form a part of this Motion by this reference." (Defs.' Mot. Alter or Amend J. 1.)

3

262, 265 (Me. 1992). "Only in rare instances will a refusal to find excusable neglect constitute an abuse of discretion." Lane v. Williams, 521 A.2d 706, 707 (Me. 1987).

By granting the three prior motions for enlargement of time, the court allowed defendants a period of four months to file the motion for sanctions. Despite these extensions, defendants did not file the motion for sanctions until six weeks after the final November 16 deadline. Defendants were put on notice that the court would not consider another motion for enlargement because the court noted "final extension" in its order.

Defendants state they are proceeding pro se in this matter. (Mot. Enlargement Time 2.) Although the court is sympathetic to the circumstances affecting defendant William Keefe, defendants have not demonstrated that extraordinary circumstances will work an injustice if the court denies their fourth motion for enlargement. Further, there are two defendants in this case. Defendant Kellie Keefe signed defendants' answer and attended the six mediation sessions. There is nothing in the motion for enlargement of time to permit the court to find excusable neglect on the part of defendant Kellie Keefe, even assuming that showing has been made on the part of defendant William Keefe.

CONCLUSION

Rule 6(b) prevents the court's extending the time for taking any action under M.R. Civ. P. 59(e). M.R. Civ. P. 6(b). Defendants have not demonstrated excusable neglect for their failure to file their motion for sanctions during the four month extension granted by the court.

The entry is

> Defendants' Motion to Submit the Motion for Enlargement
> of Time under Seal is GRANTED.

4

Defendants' Motion for Enlargement of Time to File the Motion to Alter or Amend the Judgment and the Motion for Sanctions is DENIED.

Defendants' Motion to Alter or Amend the Judgment and Motion for Sanctions are MOOT.

Date: March 17, 2016

Nancy Mills
Justice, Superior Court